### BENSON VS. CAMPBELL.

1. A judgment by default, without a declaration, is bad on error,—nevertheless, if the only objection shewn by the record, is the want of a declaration, the cause will be remanded, that the plaintiff may obtain leave to perfect the pleadings, and a trial be had upon the merits.

2. Under the attachment laws, a plaintiff must shew that the defendant is indebted to him in a sum of money past due, or else in a sum of money to be paid at a future time.* Therefore, where a writ of attachment states that plaintiff is security to a draft drawn on T. and L. for defendant, which he will probably have to pay, or on which suit will have to be brought in another state,—it cannot be sustained.

Error to the Circuit court of Autauga county.

Attachment issued by a magistrate. On the twenty-third of July, eighteen hundred and thirty-six, a writ of attachment issued from a magistrate of said county, returnable to the Fall term of the Circuit court, which alleged that plaintiff had complained to the magistrate, that he was security to a draft drawn on Turner and Lewis, for defendant, in the sum of nine hundred dollars, and that defendant was about to remove himself out of the State; so that the ordinary process of law could not be served upon him, and that thereby the plaintiff would probably have the draft to pay, or suit would have to be brought for the same in another State; and the plaintiff having given bond and security according to law, and having made oath that the attachment was not sued out for the purpose of vexing and harassing the defendant, the officer

---

* Aik. Dig. 37, 38 and 39.

was commanded to attach the estate, &c. And the sheriff of Autauga county levied the attachment on sundry goods and chattels of defendant, which goods and chattels were replevied; the defendant and two others as sureties giving bond, conditioned for their forthcoming at the termination of the suit, or to pay and satisfy the judgment that should be rendered by the Circuit court.

And at the Spring term of the same court, eighteen hundred and thirty-seven, came the plaintiff, and the defendant being solemnly called, came not, but made default. It was therefore considered by the court, that the plaintiff should recover of defendant, the sum of nine hundred dollars, the damages in the declaration mentioned, together with the cost, in that behalf sustained, for which execution might issue.

From which judgment a writ of error was taken, returnable to this court, and at the present term, the defendant came and said there was error, in the record, in this:

1. That the Circuit court erred in rendering the judgment final in said cause, without the intervention of a jury;

2. That there was no declaration, or other statement of the cause of action in the record;

3. That the affidavit, if there was one, was insufficient to found the attachment upon;

4. That there was no bond;

5. That there was in reality, no affidavit, and no attachment;

6. That the plaintiff, by his own shewing, had no cause of action, at the time the attachment was sued out.

*Edwards*, for the plaintiff in error.

COLLIER, C. J.—The defendant in error sued out an attachment, under the hand and seal of a justice of the

peace of Autauga, returnable to the Circuit court of that county, against the plaintiff.   The indebtedness of the plaintiff in error to the defendant, is charged in the writ of attachment, as follows :

"That he (defendant in error) is security to a draft drawn on Turner & Lewis, for William H. Benson, in the sum of nine hundred dollars."

No declaration was filed in the Circuit court, and judgment was rendered against the defendant in the attachment, by default.

In *Wheeler* et. al. vs. *Bullard,* we decided that a judgment by default, without a declaration, was bad on error.   That decision being an authority for the reversal of this case, we have only to inquire what judgment should be rendered.   If the only objection shown by the record, was the want of a declaration, we should certainly remand the cause, that leave might be obtained to perfect the pleadings, and a trial be had upon the merits. But the attachment is so defective in itself, that no declaration corresponding with it, would authorise a recovery.

Under our attachment laws, a plaintiff must show that the defendant is indebted to him in a *sum of money past due,* or else in a *sum of money to be paid at a future day.*[*]

In the case at bar, the writ does not disclose an indebtedness by the plaintiff in error to the defendant, but merely a possibility that the former will be indebted to the latter—a possibility depending upon a contingency, which may never happen—the dishonor of a draft, for the payment of which, the defendant was a surety. Now, as the writ of attachment shows that the defendant was not entitled to the remedy he adopted, and as he can only make it available by the assent or waiver of the plaintiff, (which we are not authorised to presume) the case cannot be remanded.   That a surety, circumstanced as was the defendant, is entirely remediless, we do not pretend to say.   We think the law was compe-

---

[*] Vide Aik. Dig. 37, 38 and 39.

tent to aid him, and only determine that his case does not entitle him to proceed by attachment *under the statute.*

The judgment is therefore reversed.

GOLDTHWAITE, J.—Not sitting.