ROULHAC, APPELLANT, vs. RIGBY, APPELLEE.

An amendment to cure a defect by giving additional security, will not be allowed in case of attachment.

Appeal from the Circuit Court of the Western Circuit.

The facts of the case are set out in the opinion of the Court, to which reference is made.

(The names of the counsel in the case have not been furnished to the Reporter.)

BALTZELL, C. J., delivered the opinion of the Court.

The plaintiff took out an attachment to obtain money alleged to be due him by defendant. A motion was made to dismiss this on the ground that a sufficient bond had not been given, there being only one security, which motion the Court sustained. Application was then made to amend the bond by adding another security, but the Court refused the application, and this forms the ground of exception in this Court. The attachment law provides that " *no attachment shall issue* until the party applying for the same, by himself or by his agent or attorney, shall enter into bond with at least two good and sufficient securities, payable to the defendant in at least double the sum demanded, conditioned to pay all costs and damages the defendant may sustain in consequence of improperly suing out said attachment."

Were the statute a new one in our jurisprudence, and presented for the first time to our consideration, we might feel it our duty to regard the application now made as entitled to serious regard. We do not think it occupies such position. The subject of attachments, in all its phases and aspects, has been not only before the Courts but the Legislature from the earliest periods of the Territorial Government, and no motion ever allowed by the former to amend,

and no permission ever granted by the latter in any of the numerous amendments made. Innumerable have been the instances of dismissal, and the injury consequently great, yet the remedy by amendment was never given by the Legislature. For this Court, at so late a period and after so many years of adjudication on the subject, to grant such permission, would be almost assuming the province of the Legislature.

Indeed were a new construction to be allowed, it is by no means clear that a different rule of action should prevail. The statute is not directory merely, but express, peremptory and prohibitory, addressed to the plaintiff and to the officers of the Court. "No attachment shall issue unless two good and sufficient securities be given," and the penalty, the relief to the party defendant, is plainly indicated in numerous provisions. Thus, "when any suit shall hereafter be commenced by attachment, and the same on motion be dissolved before plea to the action, then in every such case the suit shall be dismissed from Court." Thompson, 370.

Again—"The Courts respectively to which such attachments are returnable, shall always be open for the purpose of hearing and deciding motions for dissolving such attachments, and upon oath made and tendered that the allegations in the plaintiff's affidavit are untrue, &c., it shall be the duty of the Court to hear evidence, &c., and if, in the opinion of the Court, the allegations are untrue, the said attachment shall be dissolved,".&c. Thompson, 369.

In the proviso to the first clause quoted, there is a direct reference to the remedy of dismissing or dissolving: "Provided, nevertheless, that the bond taken in the case of attachment shall not, on account of any informality in the same, be adjudged void as against the obligors, nor shall they be discharged therefrom, although the attachment be dissolved by reason thereof." Thompson, 368.

43

We have been referred to the expressions used by this Court in the case of Branch vs. Branch, in which it was held that an amendment was or would be allowed. It is not our purpose in the present case to re-examine the views or doctrines then advanced, as we are satisfied they have not an appropriate application to the case before us. The case of the Branches was an action of replevin, having provisions peculiar to itself, and not, in the material respects here presented, resembling those made in the case of attachments. The latter subject, as is well known, is *sui generis*, having little affinity with remedies prevailing at common law. There are no provisions of the important and operative effect, in the case of replevin, that the suit or process shall be dissolved on motion, and that the Courts shall always be open for such motion, &c. When the same or provisions of the like import shall be incorporated into the laws affecting suits by replevin, then the analogy and propriety of an application of the ruling in such case may hold in case of attachment.

On the whole, then, we see no reason to question the correctness of the ruling of the Circuit Judge, and his judgment is therefore affirmed.