## T. H. McMahan & Gilbert v. George W. Boardman.

The court did not notice the objection that the writ did not run in the name of the State, when the county, stated as venue, could be treated as surplusage. (Const. of State, Art. IV, sec. 9, Paschal's Dig., p. 57, Note 181.)

When the affidavits for attachment state all which the statute requires, it would be too refined to say that an immaterial additional fact is too much. (Paschal's Dig., Arts. 138, 142, Notes 257, 259.)

Appeal from Fort Bend. The case was tried before Hon. George W. Smith, one of the district judges.

The petition averred that the defendant was "not a resident of the State." It declared for a balance of $3,917 78; it prayed for an attachment and a citation, as against a nonresident, by publication. (Paschal's Dig., Art. 25, Note 233.) The truth of the petition was verified by affidavit, as required by the 143d section of the act of 13th May, 1846, to regulate proceedings in the district court. (Paschal's Dig., Art. 138, Note 257.) The first clause of the 1st section of the attachment law, that is, "that the defendant is not a resident of this State," and the amount of indebtedness, were also sworn to; but it was superadded, both in the petition and the affidavit, "so that the ordinary process of law cannot be served on him." The affidavit was otherwise perfectly in form, as was also the bond. (Paschal's Dig., Arts. 142, 143, Notes 259, 260.)

The attachment was issued and levied upon five negro slaves.

The defendant moved the court to quash the writ, because it did not run "In the name of the State of Texas," because not properly attested by seal of the court, and because it was issued without sufficient affidavit and proper bond; but no specific objection is alleged against either. He also plead to the action.

The style of the writ was:

"The State of Texas, ⎫
  "*Fort Bend county.* ⎬

"To the sheriff of the county of Fort Bend: Greeting."
(Const. of the State, Art. IV., § 9; Paschal's Dig., Note 181, p. 57.)

The motion was overruled, and the defendant answered the action. J. P. Fitzhugh intervened, alleging a mortgage upon one of the negroes attached. At the trial the attachment was quashed, but it is not stated on what ground. The plaintiff recovered a judgment for his debt, and Fitzhugh, the intervenor, recovered a judgment against the defendant, with a decree of foreclosure against one of the slaves.

The defendant appealed, and the plaintiffs appealed as against the intervenor.

The case turned upon the action of the court in quashing the attachment which had been levied upon the slaves.

Before the decision in the Supreme Court, secession had been attempted, and war followed; the proclamations of emancipation and amnesty, the XIIIth constitutional amendment, the constitution of Texas of 1866, the civil rights law, and the general consent of mankind, had emancipated the slaves and made them citizens. But the chief justice took no notice of this change in the *status* of the property attached, but reversed the judgment, because the writ was quashed.

*John B. & G. A. Jones,* for appellants, argued that the addition, "so that the ordinary process of law cannot be served upon him," if not necessary, was only surplusage.

No brief for the appellee has been furnished to the *Reporter.*

Moore, C. J.—The only question in this case is as to the correctness of the ruling of the court on the motion to quash the attachment. The writ and bond are in strict

conformity with the statute. The affidavit is said by counsel to have been held defective in the court below, because it was conceived that the averment, that the defendant was not a resident of the State, was qualified by the addition of the words, "so that the ordinary process of the law cannot be served upon him." While we are unwilling to sanction a relaxation of the rule of strictness, which has always been required in construing affidavits of this character, we cannot agree that this departure from the literal words of the statute is sufficient ground to quash the attachment. The statute only requires an affidavit that the defendant "is not a resident of this State." The assertion of the conclusion, from the fact of the defendant's non-residence, that the ordinary process of the law could not be served upon him, in no way abstracts from or militates against the existence of the predicate upon which the statute authorizes the attachment. The addenda in the affidavit may, in some sense, go beyond the requirement of the statute; to hold that it falls short of it, would be a degree of refinement, which we are unable to appreciate.

The judgment is reversed, and the cause

REMANDED.