W. A. WORK & SON, PLAINTIFFS IN ERROR, vs. HENRY T. TITUS,
DEFENDANT IN ERROR.

A party suing out an attachment describes himself in the affidavit as
agent of the plaintiffs in the action. In executing the bond required under
the statute he fails to describe himself as agent of the plaintiffs, " the bond
purporting to have been given by him in person," omitting any statement
to the effect that he was the agent or attorney, and conditioned to be void
if in case the attachment was dissolved the plaintiffs in the suit (naming
them) would pay all damages and costs the defendant might sustain in
consequence of improperly suing out the same.

Held : That the bond is fatally defective, it not appearing therein that
it was executed by the plaintiffs, their agent or attorney ; that the princi-
pal in the bond being described in the affidavit as agent of the plaintiffs is
not sufficient to cure the defect, and that the omission cannot be remedied
by amendment.

Writ of Error to the Circuit Court for Duval county.

On the 15th day of August, 1867, a suit in assumpsit by at-
tachment was commenced in the circuit court for Duval county,
by W. A. Work & Son, against Henry T. Titus. An affidavit,
bond, and præcipe were duly filed as of that day, a writ of at-
tachment issued, and certain goods of the defendant were at-
tached thereon.

The affidavit was made by George D. Gilchrist, and described
him as agent of the plaintiffs.

The bond, in the usual form, with two sureties, was executed
by said Gilchrist as principal, " upon condition that W. A.
Work & Son pay all costs, damages," &c., " to defendant," &c.

On the seventeenth day of September following, the defend-
ant moved the judge of said court, in vacation, to dissolve
said attachment, on the ground that the bond filed in the cause
was not in compliance with the statute in such case made and
provided, inasmuch as it did not describe said Gilchrist as agent,
or state that it was executed by said plaintiffs or by their agent.

The judge ruled that the bond was not in compliance with the statute. To which ruling the plaintiffs excepted, and moved to amend. The motion being granted, the plaintiffs, by their attorneys, proposed to amend by themselves adding the word "agent" after the name of said Gilchrist, the principal in the body of the bond. Whereupon the judge ruled that the amendment proposed must be made by said Gilchrist in person, and as he was not present, the attachment was dissolved and the case dismissed. To this ruling the plaintiffs also excepted.

*Fleming & Daniels* for Plaintiffs in Error.

1. Is the attachment bond filed in this case sufficient under the statute?

By an examination of this section, the terms of which constitute the foundation of the writ, we perceive that though the language of the Legislature is negative, the intention is positively to direct that the writ be issued whenever the requirements of the statute are met.

The requirements of this section were fully met when George D. Gilchrist presented himself to the clerk of the court as agent of W. A. Work & Son, and having established to the satisfaction of that officer that he was the agent, took the oath prescribed, describing himself in the affidavit as "agent" of said W. A. Work & Son.

An affidavit by the agent or attorney made to procure a garnishee summons need not state affirmatively the character of the affiant; the use of the word agent, or attorney, by way of recital or description, is sufficient. 2 Mich., 555.

"It is not necessary that the affidavit for an attachment, when made by a person other than the plaintiff, should state that the affiant made it for the plaintiff." 18 Ark., 236.

The presumption is, that the officer, before issuing the writ of attachment upon application of the agent, required legal evidence of authority of agency. 5 Howard, Miss., 581.

In the affidavit in this case, the affiant is described as agent of W. A. Work & Son. His agency is sufficiently set forth, and becomes a matter of record. The bond is entitled as of the suit of his principals. He makes himself responsible for their acts. There is no ambiguity on the face of the record as to the character in which he presents himself before the court.

If the fact of agency were denied, it should have been taken advantage of by plea in abatement. Doe vs. Martin, 23 Miss.; 1 Cush., 588.

Sec. 4, page 368, Thomp. Digest, says: "No attachment shall issue until the party applying for the same by himself, or by his agent or attorney, shall enter into bond, with two good and sufficient securities, payable to the defendant," &c.

"Though the policy of the attachment law was to facilitate the collection of debts by giving an additional remedy to the creditor, yet the main object of that part of the statute before us was to protect the debtor from an improper use of that remedy, by requiring two good and sufficient securities to the bond. This object can as well be accomplished where the agent executes the bond in his own name as in the name of his principal. * * * * * * In this case, the agent having executed the bond in his own name, and given two good and sufficient securities, the end and purpose of the law, in our opinion, was complied with, while the consistency of the statute is preserved." 5th Fla., 280. Also see 7 How., Miss., 358; 2 S. & M., Miss., 266; 20 Tex., 221; 18 Ark., 236.

In the case cited from 5 Fla., it is evident that the bond contained no recital of agency, and in that particular was precisely similar to the bond in the case now before this court.

2. Leave having been granted by the court below to amend the bond, was it error in the court to refuse the application to amend by inserting the word "agent" after the name of George

D. Gilchrist in the body of the bond, in the absence of said Gilchrist ?

The amendment proposed would have worked no change in the instrument. Its legal effect would not have been varied in the slightest degree. Had said Gilchrist . described himself as agent in the body of the bond, he would still have been bound thereby in his individual, and not in his representative character. Had the amendment been permitted, the sureties would still have been his personal sureties—without any increase, diminution, or change whatever in their liability.

The right to amend is given by sec. 74 of the Act known as the "New Pleading Act," approved Feb. 8th, 1861, which recites: "That it shall be the duty of the courts of this State, and the judges thereof, at all times, to amend all defects and errors in any proceeding in civil causes," &c. The attachment bond was a proceeding—every step in a cause is a proceeding; the cause was a civil one, and it was pronounced defective. The language of the statute is imperative; the amendment should have been permitted.

*Wheaton & Andrews* for Defendant in Error.

HON. T. T. LONG, Judge of the Suwannee Circuit (who sat in this case in place of Baker, J., disqualified), delivered the opinion of the court.

The rulings of the court excepted to and relied on are as follows :

1st. That the court erred in holding that the bond was insufficient, "inasmuch as George D. Gilchrist, the party principal thereto, is not described in the said bond as agent of plaintiff; nor does it appear that said bond was executed by the said plaintiffs or their agents."

The statute requires, before a writ of attachment can issue, that the parties suing out said attachment must make the necessary affidavit, and enter into bond, with two good and sufficient securities. A failure to make the proper affidavit in

terms of the law, or to give the bond as prescribed by the statute, authorizes the judge of the court, either during the term of the court or in vacation, to dissolve the same. Does the bond given in this case come up to the requirements of the statute? Did the plaintiff, his agent, or attorney give the required bond? We think clearly not. The bond purports to have been given by George D. Gilchrist in person. In no part of the bond does it appear that he was the plaintiff, the agent, or attorney; and for aught we know from the bond, it is a voluntary act of a stranger to the proceedings. There is no recital in the body of the bond that he is a party in interest, or agent, or attorney; but to the contrary, that W. A. Work & Son are the plaintiffs. The bond is separate and independent of the affidavit, and must stand or fall upon its own merits. Was the objection to the bond that it was merely informal, or a clerical mistake, it doubtless could be amended, and would not be held void against the obligors. In statutory proceedings, whilst the court is not disposed to construe the statute with too great rigor, it is equally unwilling to depart from settled principles, especially when in thus departing it conflicts with the statute itself. The statute governing this class of proceedings is precise and positive, and admits of no doubt or ambiguity, and evidences to the mind of this court that the bond is fatally defective.

The other point taken is, can a party amend the bond as desired and asked for by plaintiff's counsel? If such an amendment could be made, it would impair the lien of defendant, if not entirely destroy it. The sureties were bound with one George D. Gilchrist, and not George D. Gilchrist, agent. The amendment would entirely change the character of the bond. Even if Gilchrist were present in person, he could not change it, especially when there is no evidence whatever that he is, or was at the time of signing said bond, the authorized agent of plaintiffs; and this court will not seek to ascertain that fact by testimony *dehors* the record.

The "Act to Amend Pleading and Practice in Courts of this State," (pamphlet laws, 1860,) making it the duty of the courts of this State to amend all defects and errors in proceedings in civil causes, cannot be so construed as to allow parties *ad libitum* to change the character of a bond, or amend the defects in the affidavit upon which the bond was given.

The judgment of the court below is affirmed.

NOTE.—This case was decided before the organization of the present Supreme Court, and should have been reported in Part I. of this volume of reports, but was omitted.—[REPORTER.