## Samuel Cross et al. v. E. V. McMaken.

*Affidavit for attachment, requisites of.*   An affidavit for an attachment which avers that defendants "are indebted" to the plaintiff in a certain sum, upon express contract, but which fails to allege that such indebtedness is "due," does not comply with the statute, and is void.

The statute requires the affidavit to show the existence of a present cause of action against the defendant; and to aver that a party is indebted, is not equivalent to an allegation that the demand is due.

*Heard January 6th.   Decided January 11th.*

Error to St. Joseph Circuit.

McMaken, plaintiff below, sued out a writ of attachment against Cross and McDowell.

The affidavit upon which the writ was issued, is in the words following:

"STATE OF MICHIGAN, }
                                        } SS.
St. Joseph County.   }

R. W. Melendy being duly sworn, says that he makes this affidavit for and in behalf of E. V. McMaken, of the city of Toledo, State of Ohio, and that Samuel Cross and William McDowell, co-partners, doing business under the firm name and style of Cross and McDowell at Leonidas, in said County of St. Joseph, who are the defendants

named in the annexed writ of attachment, are justly indebted to the said E. V. McMaken, plaintiff in said writ, upon express contract, in the sum of $619.48, as near as may be, over and above all legal set-offs. And this deponent further says, that he has good reason to believe that the said defendants, Samuel Cross and William McDowell, are about to assign and dispose of their property, with intent to defraud their creditors, and further says not.

Subscribed and sworn to before me, this 14th day of January, A. D. 1868."

Defendants'. property was duly levied upon, and judgment finally rendered against them in favor of plaintiff.

The only question raised by the record is as to the sufficiency of the foregoing affidavit.

*Wm. L. Stoughton,* and *H. F. Severens,* for plaintiffs in error.

The principal question in this case depends upon the construction of our statute authorizing creditors to proceed by attachment against their debtors. Should the affidavit which is made a prerequisite to the writ, show that the debt sued for is due?

We insist that it must, and that the court below erred in holding the contrary.

The statute requiring the statement that the "debt is due," without reference to other sections, would seem in plain terms to require such averment in the affidavit. — *2 Comp. L. § 4743.*

The section is somewhat tersely drawn. A slight change in punctuation (putting the comma after the word due instead of the word contract) would make the interpretation plain, and conformable to what must have been the intention of the legislature. We claim that the fact that the punctuation is otherwise does not make the construction different. For the general rule is that punctuation is no part of a statute, and is not to be regarded in construction. — *Dwarris on Stat. 2d Ed. 601; 9 Gray, 382.*

2. By comparing the different sections with each other and construing them together — *Buckley .v. Lowrey, 2 Mich.*

*418* — our position is fortified and the meaning of the legislature clear. *Section 1* authorizes the proceeding only "in the cases, upon the conditions, and in the manner provided in this chapter." *Section 4* provides that the writ shall not issue "unless the amount stated in such affidavit as due to the plaintiff" should equal $100.

And the other provisions are framed upon the hypothesis that a case is made showing the debt to be due.

3. But if these considerations do not settle the question upon the letter of the statute, then we say that by implication the necessity of such statement is involved.

And what is implied is as much a part of the statute as if expressly written. — *1 Black, 55, 61.*

To hold that a creditor may proceed in this way without showing a cause of action, would lead to intolerable abuse of the statute and harrassing of individuals.

4. But supposing the construction doubtful if the question were *res integra*, it is settled in this state by uniform practice and judicial decisions. — *Green's Prac.* § *219; 2 Mich. 218; 3 Id. 531; 10 Id. 508; 1 Doug. 330; 2 Id. 93.*

*Johnson & Higby,* for defendant in error.

The main question in this case is, whether the affidavit upon which the writ of attachment issued is sufficient to give the court below jurisdiction.

The word "due," in the phrase "and that the same is due upon contract express or implied," is omitted.

In *Wilson v. Arnold, 5 Mich. 98,* this same question was raised, and though the case was disposed of upon another point, yet the court, in noticing this point, undertook to give the requisites of a sufficient affidavit under our statute. Justice *Manning,* who gave the opinion, says:

"It must be positively stated (in the affidavit), and not on information and belief only, that the defendant is indebted to the plaintiff, and the amount of such indebtedness, as nearly as may be, over all legal set-offs. It must

also appear that the debt is on contract, express or implied, or on judgment; all these facts must be sworn to positively; not necessarily in the words of the statute, but in language equivalent to that of the statute."

In this statement the word "due" is not noticed, because, in the statute, it is not used in the sense contended for. It is not used in the sense that the time for the payment of the debt sworn to had elapsed, but used only in the sense of indebtedness generally. The object of this clause of the statute is to show the character of the indebtedness, and not that by the terms of the contract it had become payable: that is, expressed in the term "is indebted."

That the word "due" is used in both senses, see *6 Peters, 29.*

As to the cases where courts have held that affidavits using language equivalent to that required by the statute are good, see *Drake on Attachment,* § *106; 15 La. 429.*

In this case, where the statute required the affidavit to state "the amount of the sum due," and the plaintiff swore that the defendant was "really indebted" to him in a certain sum, it was held that the expression conveyed the idea of a debt actually due and payable, and was sufficient.

CHRISTIANCY J.

The only question in this case is that of the sufficiency of the affidavit upon which the writ of attachment issued.

The statute — *Comp. L. Ch. 140,* § *2* — requires the affidavit to state, among other things, "that the defendant is indebted to the plaintiff, and specifying the amount of such indebtedness, as near as may be, over and above all legal offsets, and that the same *is due* upon contract, express or implied, or upon judgment."

The affidavit in this case, is that the defendants "are justly indebted to the said E. V. McMaken, plaintiff in this

writ, upon express contract, in the sum of $619.48, as near as may be, over and above all legal set-offs;" thus omitting any allegation that the indebtedness is due, except as this might be inferable from the term "indebted" in the context in which it is used.

There can be no doubt of the intention of this statute, to require of the plaintiff, as a condition precedent to this extraordinary statute proceeding which seizes the defendant's property before trial, that he shall first show by his own oath, or that of some other person knowing the facts, that he has an *existing cause* of *action* against the defendant, arising upon contract; in other words, that there is an indebtedness of the defendant which is due or payable at the time. — *See Buckley v. Lowry, 2 Mich. 418; Hale v. Chandler, 3 Id. 531; Galloway v. Holmes, 1 Doug. Mich. 330; Green's Pr. § 219.*

It is urged by the counsel for defendant in error that this is sufficiently shown by the allegation in the affidavit that the "defendant is indebted." But this phrase, in itself, is somewhat equivocal. In the popular, as well as the strict legal sense, a man is said to be indebted to another without reference to the question whether the debt is due or yet to become due. The law recognizes a debt not yet due as a present debt, though payable in future — *debitum in præsenti, solvendum in futuro.*

And though the language of the affidavit, that "defendant is indebted," when considered in reference to the purpose of the affidavit, might furnish an inference that an indebtedness already due was intended; yet, without an express declaration to this effect, in the affidavit, there might be room for some doubt, or equivocation at least, as to the real meaning of the affiant. The legislature have seen fit to require that this shall not be left to inference, but shall be placed beyond all question or doubt, by requiring proof of both the facts, the indebtedness, and that it is due; and have required the affidavit positively to state both.

The language is, "due upon contract." If they meant no more than is claimed by defendant in error, they would much more naturally and appropriately have said, "arising upon contract," or "that the same is founded upon contract."

This is put beyond all reasonable doubt by the language of the fourth section, "no writ of attachment shall be issued under the provisions of this chapter, unless the amount stated in such affidavit *as due* to the plaintiff over and above all legal set-offs, shall exceed the sum of $100.— See *Buckley v. Lowry, 2 Mich. 418.*

And in view of the abuses to which this extraordinary remedy is liable, we deem it a wise policy to require a somewhat strict compliance with all the essential conditions prescribed by the legislature as safeguards against such abuses. Even with this provision as it is, the records of our own courts show that, in several cases, the writs have been issued when the debt, or a great part of it, was not yet due.— *Buckley v. Lowry, 2 Mich. 418; Hale v. Chandler, 3 Id. 531;* and see *Galloway v. Holmes, 1 Doug. Mich. 330.*

In *Wilson v. Arnold, 5 Mich. 98,* this point, though raised, was not passed upon by the court, the affidavit being held bad upon other grounds. And what is there said of the requisites of the affidavit must be construed with reference to the ground upon which the opinion in that case was based.

The Circuit Court erred in holding the affidavit sufficient; and as the whole proceeding depended upon this, the judgment must be reversed with costs.

The other Justices concurred.