L. & A. Biesenbach v. John M. Key.

(Case No. 1905.)

1. CITATION.— When process is issued in the name of the state, with the name of a county added, the name of the county may be treated as surplusage, which does not vitiate the writ, and may be stricken out by amendment.

2. CITATION.— A citation issued in proceedings by distress warrant, by a justice of the peace, and returnable to another court, constitutes an exception to the general rule requiring citations to state the number of the case in which they issued.

3. AFFIDAVIT FOR DISTRESS WARRANT.— An affidavit that a distress warrant is not sued for the purpose of "injuring or harassing" the defendant fulfils practically the statutory requirement that affidavit shall be made that the warrant was not sued out for the purpose of "vexing or harassing."

4. LANDLORD'S LIEN.— In foreclosing a landlord's lien on a hotel, which was rented and used as such by the wife, under a valid contract of lease made by the husband as her agent, the furniture in the hotel claimed by the wife was subject to the lien, whether the same was separate or community property.

5. SAME.— If, however, the husband rent property as agent of his wife, which is not necessary for herself, her children or her separate property, her separate estate would not be bound.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

Appellee John M. Key brought this suit against Mrs. L. Biesenbach and her husband, A. Biesenbach, by suing out a distress warrant in the justice court of precinct number 3, in Washington county, to secure the sum of $200 rent for a portion of the "Central Hotel" in the city of Brenham, for the months of June, July, August, September and October, 1883. Citation was issued on the

same day, and warrant and citation were made returnable to the county court of Washington county.

On November 5, 1883, appellee filed his original petition, in the county court, and on February 4, 1884, appellants filed their original answer. The county judge being disqualified, the case was transferred to the district court of said county. In the district court each party amended their pleadings, plaintiff alleging that the contract was made with Mrs. L. Biesenbach, and that the same was necessary for herself and her children, and was for the benefit of her separate property; that her husband, A. Biesenbach, was insolvent, and without means to support his family, and that Mrs. L. Biesenbach agreed to pay $50 per month for plaintiff's portion of said building. Plaintiff asked for a foreclosure of his landlord's lien upon certain property upon which the distress warrant had been levied. Defendants answered: 1st. Mrs. L. Biesenbach by a plea of coverture. 2d. By motion to quash the citation and distress warrant. 3d. By demurrer, general denial, and plea in reconvention. The motions were overruled. Plaintiff filed his motion to amend the citation, which was sustained. Judgment for plaintiff for the sum of $257.70, with interest from date at eight per cent., against defendants,— foreclosure of landlord's lien, and, in the event that the property levied upon should fail to sell for enough to satisfy the judgment, then that execution issue against the community property of A. Biesenbach and Mrs. L. Biesenbach.

*Wm. P. Ewing* and *O. L. Eddins*, for appellants.

*Searcy & Bryan*, for appellee.

WILLIE, CHIEF JUSTICE.— The court did not err in overruling defendants' motion to quash the citation issued by the justice of the peace. It was held in Portis *v.* Parker, 8 Tex., 28, that when process is issued in the name of the state of Texas, with the name of a county added, the name of the county may be rejected as surplusage. Also that the name of the county may be stricken out by amendment, as was done in this case. See, also, McMahan *v.* Boardman, 29 Tex., 170. The citation could not state the number of the suit, as it had not been commenced in the county court where it was to be tried. This being a case of distress warrant issued under the statute by a justice of the peace and returnable to another court, must be treated as an exception to the general rule requiring a citation to state the number of the case in which it is issued.

The motion to quash the distress warrant was also properly refused. The affidavit states how much of the rent was due at the time the warrant was demanded, and that was sufficient to authorize it to issue.

The word "harass" as defined in the standard dictionaries is synonymous with "to vex," and at least as comprehensive as that term. Not to harass or injure excludes the idea of doing either or both of these things, and hence the affidavit is equivalent to what is required by the law, and this is sufficient under the Revised Statutes.

As to the decision of the district judge upon the merits of the case, it is sufficient to say that if the contract made by the husband, as agent for his wife, in renting the hotel was such as was binding upon her, then the furniture seized under the distress warrant, whether separate property of Mrs. Biesenbach or community property of herself and husband, was bound for the debt. Not only so, but any other property of a like character was subject to execution to satisfy the debt, or any balance of it left unpaid after the proceeds of the furniture were exhausted. This is so clearly provided in our Revised Statutes that it is not necessary to elaborate upon it. Arts. 2854, 2855.

If, as found by the judge, the furniture was community property, and the debt a community demand, the furniture and all the rest of the common estate were bound for the payment of the claim. R. S., art. 2857. So that in any event the judgment rendered by the court was correct.

We think, however, with the district judge who tried the cause, that the husband made for the wife a contract which was not necessary for herself, her children or her separate property, and that her separate estate was not bound by it. That, having made for his wife a contract by which she was not bound, and having obtained the full benefit of it for himself and family, he is himself obligated to its fulfillment, and of course the community property of the marriage is subject to sale to satisfy any judgment obtained upon the contract.

Although Biesenbach stated in his testimony that the furniture seized under the distress warrant was the separate property of his wife — which is a legal conclusion — he also states the facts as to its purchase, which, without further explanation, make it community property. It was, therefore, liable to be sold for the rent proved to be due and covered by the contract, as was all the rest of

the community estate, and the court did not err in entering up the judgment for the appellee in manner and form as shown in the record, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered January 20, 1885.]