THE TANNER AND DELANEY ENGINE COMPANY, APPELLANT, vs. HALL & MOBLEY, APPELLEES.

1. Where it is attempted to join in one attachment, proceedings for debts due and for others not due, and the allegations of the affidavit as to the debt not due are insufficient, they will not vitiate the allegations or proceedings as to the debts which are due, but will be treated as surplusage.

2. That attachment proceedings for debts due and those not due can be joined in the same suit doubted, but not decided.

3. The purpose of the statutory provisions as to an attachment for a debt not due, in requiring an affidavit that the debt or demand is actually an existing debt or demand, is to exclude from such remedy contracts upon which the liability of the defendant is still contingent.

4. A percentage, payable as attorney fees, upon the amount of an unmatured promissory note in case of default as to the principal of the note, is a contingent liability, and not within the statute.

5. Where other language than that of the statute is used in an affidavit for an attachment, it should be unequivocally substantial to that used by the statute. The statements of the affidavit as to the debts not due, held not to be equivalent to an allegation that they are *actually existing debts* or *demands*.

6. The statement of the affidavit that the defendants are disposing of their property for "the purpose of avoiding the payment of their just debts," held to be a sufficient and proper allegation under sections 13 and 14, page 113, McClellan's Digest, as to debts not due, and under section 4, of page 111, as to debts actually due.

7. Allegations in the affidavit that one partner absconds, and the other is a non-resident, and that the firm is fraudulently disposing of their property in this State, are not contradictory.

8. The determination of the officer issuing a writ of attachment for a debt not due upon the sufficiency of the "proof" required by the statute, is not conclusive upon the court acting upon the face of the papers constituting the proof. If, however, facts and circumstances be stated legally tending to establish the grounds of the attachment, and fairly calling on the officer issuing it for an exercise of his judgment upon the weight of the evidence, the

392 SUPREME COURT.

Tanner and Delaney Engine Co. v. Hall & Mobley—Opinion of Court.

proceedings will not be quashed by the court, acting upon the face of the papers, on account of error of judgment as to the weight of it. If there is nothing which in law amounts to proof, the proceedings may be quashed as *coram non judice*.

9. The proof should be reduced to writing and filed before the writ issues.

10. An affidavit sworn to before the Clerk of the Circuit Court of one county in another county is a nullity, and constitutes no proof under the above act, as to an attachment for a debt not due.

11. An attachment bond in more than double the amount of the debt demanded is sufficient.

12. A bond given by a private corporation as plaintiff in an attachment must be under the corporate seal of the company.

13. A writ of attachment need not recite that the affidavit has been made or bond given.

14. Material defects in an affidavit or bond in attachment vitiate the proceedings, and the defects cannot be cured by amendment.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*D. L. KcKinnon* and *W. O. Butler* for Appellant.

*Liddon & Carter* for Appellees.

Mr. Justice Raney delivered the opinion of the court:

This is an appeal from an order dissolving an attachment. The appellees, who are defendants in attachment, appeared specially and moved for a dissolution before pleading.

I. The first ground of the motion is the joinder of debts due and others not due, but to mature within nine months.

The affidavit was filed on the twenty-third day of October, 1885. It is by J. A. Yancey, who deposes that he is agent for the Tanner and Delaney Engine Company, a cor-

poration doing a manufacturing business in Richmond, Virginia, incorporated under the laws of said State ; and that Hall & Mobley, a firm composed of Nathan Hall, a resident of the State of Alabama, and —— —— Mobley, given name unknown to deponent, a resident of the State of Florida, are indebted to the said company in the just and full sum of $1,535, principal debt, besides interest, and ten per cent. counsel fees ; that $435 of said principal debt is now actually due and unpaid, as follows, to wit : one note dated June 22, 1885, and one August 1st, 1885, for the sum of $200, with interest at eight per cent. from maturity and ten per cent. as counsel fees on said amount, and on an account dated June 22d, 1885, and due on demand ; that the remainder of the principal debt as aforesaid, to wit : $1,100, will come and fall due within the next nine months, and that said indebtedness is on six promissory notes, all dated June 22, 1885, and due respectively, to wit : one December 1st, 1885, for $200, with interest at eight per cent., and ten per cent. as counsel fees on said amount, and four others, each for the same sum with interest and counsel fees, and maturing respectively, February 1, March 1, April 1, May 1, 1886, and another for $100, with like interest and counsel fees, maturing June 1, 1886 ; that none of said six notes are due, but will fall due inside of the next nine months ; that Mobley, of said firm of Hall & Mobley, absconds, and said Nathan Hall resides out of said State, being a resident of the State of Alabama, and that they, Hall & Mobley, are fraudulently disposing of their property, with and for the purpose of avoiding the payment of their just debts.

There has been no decision of this court upon the above point.

In Levy vs. Millman, 7 Ga., 167, the objection to the affidavit was that though the remedy was sought under the act of 1816, covering cases where the *debt is not due*, it ap-

peared on the face of the affidavit that at the time it was plaintiff was entitled to his remedy under the act of 1816 for so much of his debt as was not due, but not for the part of it actually due, and that the attachment proceedings were good as to the former part, but for no more. The same doctrine was held in Sydner vs. Johnson, 6 Texas, 189, as to an auxiliary attachment. In Danforth, Davis & Co. vs. Carter, 1 Clark (Iowa), 546, the right to combine the two classes of claims in the same attachment proceeding was recognized, though not disputed. The ground alleged in the affidavit was held sufficient to cover both classes of claims.

At the time of the above decision in Georgia, the statute expressly authorized the plaintiff, where the debt was not due, to proceed to judgment as if it were due, but that execution should be stayed till the debt should become due.

In Alabama, in Jones vs. Holland, 47 Ala., 782, it is held to be error to render judgment before the debt has become due, section 2999 of the code providing that the declaration need not be filed till it has matured.

The cases from Georgia and Texas do not present the question before us, and the code provisions make the Alabama decision unavoidable.

We are not inclined to the view that under our statutes the joinder of proceedings for matured and unmatured debts in the same writ of attachment is permissible. The proceedings are not only dissimilar, as a reading of the statutes and this opinion will clearly show, but in view of the fact that no provision is made for the rendition of any final judgment as to the immatured debt before its maturity it does not seem to us that the proceedings as to the matured debt should be delayed until the maturity of the other claim. The view we take of this case, however, makes it

unnecessary to pass finally upon this point. According to all the decisions and the text books, (Drake on Attachment, ch. 2, sec. 33, and Waples on Attachment and Garnishment, and cases cited, *supra*,) insufficient allegations as to one class of debts do not vitiate the proceedings as to the other class. The former allegations being void do not affect the latter, and will be treated as surplusage.

II. The second ground of the motion is that the affidavit does not allege that the debts to become due are " actually existing " debts or demands.

The statute requires as to a claim not due that the affidavit shall state that " the amount of the debt or demand claimed and charged against the opposite party is actually an existing debt or demand." The purpose in requiring the statement that the debt or demand is actually an existing debt or demand is to exclude from, or rather to show clearly the intent not to include within the remedy contracts upon which the liability of the defendant is still contingent. In Benson vs. Campbell, 6 Porter, 455, where the plaintiff was a surety on a draft, and the affidavit stated that he would probably have to pay it, the court says : " Under our attachment laws a plaintiff must show that the defendant is indebted to him in a sum of money past due, or else in a sum of money to be paid at a future day. In the case at bar the writ does not disclose any indebtedness by the plaintiff in error to the defendant, but merely a possibility that the former will be indebted to the latter—a possibility depending upon a contingency which may never happen—the dishonor of a draft for the payment of which the defendant in error was a surety." The judgment in favor of the plaintiff in attachment was reversed.

It is argued by counsel for appellees that the ten per cent. attorney's fees on the notes not due at the institution of

the attachment constitute a part of the amount covered by the proceeding. Of course no liability for this percentage could be actually existing until there was at least a default in payment of the promissory note at maturity. Without saying when such liability really arises we are clear that this percentage on the immatured notes was not within the act at the institution of this proceeding. Assuming, however, that the attachment was not intended to cover the percentage referred to, but only the principal of the debt, does the affidavit comply with the statute of 1835 as to immatured debts? It says that the defendants are "indebted in the just and full sum of $1,535 principal debt;" that "$1,100 of the principal debt will come and fall due within the next nine months," and is on six promissory notes, all dated June 22, 1885, and falling due from December 1, 1885, to June 1, 1886, giving the amount of each and interest, and counsel fees. The words "just and full sum," are not the equivalent of the requirement of the statute that "the debt is actually existing." The statement of the evidence of the indebtedness, the promissory notes, does not exclude the idea that they may be held under an arrangement which may make the defendants' liability upon them contingent. The allegation of such evidence of indebtedness being held is at least equivocal as to an actually existing and not contingent indebtedness, whereas it should be unequivocal. Cross vs. McMaken, 17 Mich., 511. The compliance with the requirement of the statute should be unequivocally substantial. Waples on Attachment, p. 90, §5.

In Waples, p. 101, it is said that swearing that the defendant is indebted is equivalent to swearing that he is "justly indebted" except where the statute prescribes the quoted words, and in Livingood vs. Shaw, 10 Mo., 274, the word "justly," preceding the word "indebted," was

held not to qualify or restrict it, and that its omission was not material ; and in Oliver vs. Town, 28 Wis., 328 ; Durning vs. Burkhardt, 34 Ibid, 585, the affidavits were in the language prescribed by the statute.

In Trowbridge vs. Sickles, 42 Wisconsin, 417, an allegation that defendant " is indebted," was held to be a sufficient allegation that the indebtedness " is due," overruling earlier cases. In Craesser vs. Young, 31 Ohio State, 57, the doctrine is that it is not indispensable that the words of the statute be followed, provided the affidavit contains language fully equivalent or clearly showing the ground specified or intended.

The affidavit set out specifically and in detail what the statute permitted to be alleged in general terms. In Drake vs. Huger, 10 Iowa, 556, where the statute provided that the petition should allege that the defendant is in *some manner* about to dispose of his property with intent to defraud his creditors, the omission of the words " some manner " from the petition was held not to invalidate it, but that without them there was a substantial compliance with the statute, for " if a party was about to dispose of his property it is certainly conclusive that he was about to do it in *some manner*, and it had been previously held that the particular manner need not be stated." 3 G. Greene, 543. In Curtis vs. Moore, 3 Minn., 29, the affidavit being in the language of the statute, it was held sufficient. In McMahan vs. Boardman, 29 Texas, 170, it was held that an immaterial addition to a statement of all the statute required would have no effect to vitiate the affidavit, the court announcing its unwillingness " to sanction a relaxation of the rule of strictness which has always been required in construing affidavits of this character." In Towney *et al.* vs. Gamble, 66 Ala., 469, the decision is that an affidavit for an attachment, which states that the defendants " *are, or will be*

justly indebted," &c., may be amended under the code of that State by striking out the words " or will be," as a matter of form.    The above are the authorities relied upon by appellant to maintain the sufficiency of the affidavit.    We do not think an allegation that the defendant is indebted is a compliance with a statutory requirement of a statement that the indebtedness is due or actually due.    There may be an indebtedness which is not due, (Filyau vs. Laverty, 3 Fla., 72,) and our attachment laws recognize the distinction.    The earlier decisions in Wisconsin are more consistent with ours.    See Cross vs. McMaken, *supra*, which approves them.    Admitting even that an affidavit of a defendant being *indebted* is in effect one of his being *justly* indebted, (see, however, Taylor vs. Smith, 17 B. Monroe, 542; Pool vs. Webster & Co., 3 Metcalf, (Ky.,) 278, *contra*,) there is nothing in the conclusion of the court upon the facts in Livengood vs. Shaw inconsistent with our conclusion in the case before us.    Drake vs. Huger was clearly in keeping with the decision in 3 G. Greene, 543, which held that an affidavit in the language of the statute was sufficient, the allegation in the former case being more positive than and as broad as that in the latter.    The decision in Alabama holds that under the code of that State one of two alternative allegations may be struck out as matter of form.    There was no question there that either would not have been sufficient.    It is not claimed that there is anything before us that can be struck out; we have no such case.    There is nothing in the other of the above cases cited by counsel necessary to be noticed.

III. The next objection to the affidavit is, that it does not state that the defendants are disposing of their property to avoid the payment of just debts or demands *due the plaintiff*.    It in fact states that they are doing it for " the purpose of avoiding the payment of their just debts."

Section 1 of the act of February 14, 1835, (sec. 13, Mc-Clellan's Digest, 113,) in stating the case in which the remedy as to debts not due may be had, mentions, among others, those in which the debtor shall be fraudulently disposing of his property " for the purpose of avoiding the payment of his just debts or demands." The next section relating to the affidavit to be made instead of using the words " debts or demands," in the last quotation, uses the words " debt or demand." We think the pronoun " his " refers to the defendant, and that the latter section was not intended to change the evident effect of the first; and are of the opinion that the affidavit is not objectionable or deficient in this respect. The fraudulent disposition of property contemplated by section 4, page 111, McClellan's Digest, where the debt is due, is one fraudulent as to creditors, and the sufficiency of the affidavit under such section is not impaired by the addition of the words first quoted above. 29 Texas, 170.

IV. It is also objected that the affidavit is insufficient and contradictory in its statements in alleging that one partner absconds, and the other is a non-resident, and yet alleging that the firm is fraudulently disposing of property in this State.

The presence of persons at the locality or in the State where their property may be, is not indispensable to a fraudulent disposition of the property. If it were even true that no disposition could be made by them of the title or ownership of it during their absence from it, this would not also imply that they could not use persons at the locality of the property in disposing of it, either fraudulently or otherwise. There is nothing in the point.

V. The next objection is that the writ issued without satisfactory proof to the Clerk of the Circuit Court, who issued it, that the defendants were fraudulently disposing

of their property to avoid the payment of their just debts.

The statute, sec. 14, p. 113, McClellan's Digest, requires that "satisfactory proof shall be demanded and produced to the officer granting the attachment." It is contended for appellant that the clerk issuing the writ is alone, to determine upon the sufficiency of the " proof." We find no authority sustaining this view. Where the testimony produced to the clerk in support of the allegation of the main affidavit contains a statement of any fact or facts which are, in the eyes of the law, admissible as evidence of a fraudulent disposition of property by a defendant to avoid the payment of his debts, and there is, looking at the whole of it, enough to show a *prima facie* case of such disposition of property with such purpose, we think the judgment of the clerk issuing the writ should not be reversed by the court acting on the face of the papers. The mere fact that the court might, if acting in the clerk's place, originally have come to a contrary conclusion, or have required further proof, will not justify a dissolution of the proceedings. VanAlstyne vs. Erwine, 11 N. Y., 340, 341. If there can be found in the evidence which can be held to be proof of the charge, a statement of facts legally tending to support the allegation, the proceedings should be sustained. No interference should be made on the ground of incredibility as to what the clerk has believed, or as to mere weight of the evidence. " If, however, facts and circumstances be stated tending to establish the grounds of the application, and fairly calling on the officer for an exercise of his judgment upon the *weight* of the evidence, though he err in his estimate of it, the proceedings will not be void for lack of jurisdiction." Matter of Faulkner, 4 Hill, 598. The motion to dissolve on the face of the papers admits the truth of what is said. The evidence may be in the shape of affidavits and is ex parte. If, on the

other hand, there can be said to be nothing in the evidence which amounts to proof of the allegation, then the statutory requirements have not been complied with, and the proceedings are *coram non judice*, and may be quashed upon the face of papers upon the same principle that those in cases where the debt is due and the requisite allegation has not been made in the main affidavit. Drake on Attachments, §§99, 100; Waples on Attachment, 95; Schoonmaker vs. Spencer, 54 N. Y., 366; Ross, Keen & Co. vs. Steen, 20 Fla., 443.

To enable the court to exercise this power the proof should be in writing and filed the same as the usual affidavit in an ordinary attachment proceeding. It should be taken before the writ issues. If it is not put in this shape, how is it to appear that there has been such proof? The omission of the statute to expressly require that the proof should be reduced to writing and filed is not to be taken as authorizing a departure from the practice in ordinary cases. Such a departure would, if we did not also make the issuance of the writ conclusive of the fact that satisfactory proof had been made, lead almost invariably to a controversy as to what was produced as proof, as well as to the legal effect of what was produced.

The affidavit of Butler appears to have been sworn to before the Clerk of the Circuit Court of Jackson county, in Calhoun county. It is a nullity, and its contents need not be considered. The clerk of the former county is confined, in the exercise of his official power in this matter, to the territorial limits of that county, and had no authority to act in Calhoun county. Sec. 19, of Art. 6, of the Constitution; State of Florida *et al.* vs. J. P. & M. R. R. Co., 13 Fla., 284, *et seq.*; Stewart vs. Stewart, 19 Fla., 846; 5 Mason C. C., 35.

26

VI. The next grounds of the motion relate to the attachment bond, and are that it is not in double the amount of sum demanded, * * nor does it purport to bind the individual members of the Tanner and Delaney Engine Company, the plaintiff, nor show that it is a corporation.

The penalty of the bond is $3,400. The sum demanded by the affidavit is $1,535, the principal debt, and to say the most, interest on $400 at eight per cent., and ten per cent. attorney's fees. Interest and attorney's fees on the $400 would not amount to more than $54.16, if as much. So then $1,589.16 is as much as the affidavit can be construed to claim, and the penalty of the bond is amply sufficient even if it be that some interest has accrued on the $35, which the principal of the two matured notes does not cover. The amount of the interest upon the immatured notes, they bearing interest only from maturity, was, like the attorney's fees, not an indebtedness, the amount of which could have been ascertained or sworn to, and the language of the affidavit, in so far as it speaks of interest on the immatured debt or attorney's fees thereon, is such that it can only be construed as a part of the description of these notes, and hence as surplusage. The amount of the bond is more than sufficient.

The bond of course does not purport to bind the individual members of the Tanner and Delaney Engine Company, nor need it; and if it should propose to bind them, instead of the company, which is a distinct legal entity, then there would not be even a pretense of any bond made by the real plaintiff, which is shown by the sworn statement of the affidavit to be a body corporate under the laws of Virginia. It purports to bind " the Tanner and Delaney Engine Company," but it does not show that this company is a corporation. We think the bond should appear upon its face to be a bond given by a body corporate; if the corporate seal

was affixed to the bond it would be sufficient without any designation beyond the corporate name in the body of the bond. There must be a bond appearing to have been given by the body corporate, and the only manner in which it can execute a bond is under its corporate seal. We do not mean to say that the use of the words " a body corporate," or other similar words after the name of the company, would show that any bond had been given by a corporation.

The appellees cite the case of Work & Son vs. Titus, 12 Fla., 628, where Work & Son were plaintiffs in attachment and the affidavit was made by Gilchrist, describing himself as agent of the plaintiffs. The attachment bond was executed by him, binding himself individually as principal, the condition being that plaintiffs should pay all costs, damages, &c. He failed, however, to state in the bond his relation of agency to the plaintiffs, which must under the statute have existed to enable him to give a valid bond binding himself, and the bond was held to be fatally defective ; and it was further held that the recital of the agency relation in the affidavit could not be referred to, to cure the omission of such a recital in the bond. Of course it was proper for Gilchrist, if he was such agent, to give a bond binding himself individually. Simpson vs. Knight & Fraser, 12 Fla., 146 ; Conklin & Smith vs. Goldsmith, 5 Fla., 280. The defect was simply as stated. The decision is rigid, but we do not have to go so far in this case: a reference to the affidavit does show that the Tanner and Delaney Engine Company is a body corporate, but it does not show that any such or other body corporate signed this bond. The only way in which an attachment bond can legally show that it is executed by or is the bond of a corporate body is by the corporate seal appearing on the bond. Field on Corporations, §282. The only seal to this paper is a scrawl affixed by the agent.

VII. The  next  ground  of the  motion  is that the writ does  not  recite  the  making  of the  affidavit or giving of the bond by plaintiff.    The statute does not require that it should, nor  does  the  form  which  has  been  long used generally  in  the  State  make  any such  recitation, nor is any authority or  decision requiring it shown in support of the objection.

VIII. We are  aware that in  other States that a system of amending affidavits and  bonds  in  attachment proceedings prevails.    Such has not been the practice here ; it has been firmly  established  by years of practice and  repeated adjudications, that substantial defects in affidavits and bonds, which are jurisdictional in this proceeding, vitiate the proceeding  and  are  not  amendable.    This practice is as well known as it is of long  standing and  repeated reiteration. Roulhac  vs.  Rigby, 7  Fla., 336.    A  conviction that the practice of  other States is the  better, would  not  justify us in upsetting it.    This must be done by the Legislature. For the courts to do it now would be practically legislating.

IX. Having dissolved the  attachment, it was  proper for the Judge to order the proceeds of the property, which had been  sold  under the order of  the  Clerk, to be  returned to the defendants.    As to whether a  steam  saw mill, boilers, machinery, carriages and  appurtenances, and a lot of lumber, 50,000 feet or more, are " perishable property," within the  meaning  of the statute controlling in such cases, we express no opinion.

The judgment of  the Circuit Court is affirmed.