## EDWARD EVERETT *et al. vs.* B. F. BOLLES.

### IN EQUITY.   BEFORE JUDD, J.

### MARCH, 1875.

The Marshal, upon receiving an execution, read it over to defendant, but did not take any property in his custody or make an inventory: a garnishee process in another suit was subsequently served on defendant:

Held, there was no levy of execution, and the subsequent garnishment was good.

A judgment debtor can be held as garnishee of a judgment creditor. Part-owners of a vessel are tenants in common.

### DECISION OF JUDD, J.

An order was issued to the Marshal, returnable February 16th, 1875, to show cause why the execution in the above entitled cause, issued February 2d, should not be fully satisfied.

It appears that on the 8th day of February a garnishee process was issued from the Supreme Court in the suit of *Bishop & Co. vs. Everett,* one of the above plaintiffs, B. F. Bolles (defendant above), garnishee, and the answer of the Marshal sets up that the defendant Bolles retained the sum of $390, as said garnishee, to abide the judgment of the Court, and he submits whether such retention is not sufficient satisfaction of the execution, inasmuch as no levy was made by him in the first suit, and the garnishee served with process of garnishment was bound by the statute to retain the amount in his hands at the time of service to meet the judgment of *Bishop & Co. vs. Everett.*

The facts in regard to the service of the execution are as follows:

The Marshal received the execution at 2:30 p.m. on Tuesday, February 2d, 1875, and on the same day he went to the defendant Bolles, read the execution to him and demanded the

amount of the judgment, informing him that he (the Marshal) should keep under his supervision the property of the said Bolles until the said judgment should be satisfied. On the 6th February, plaintiff's counsel said to defendant, "Mr. Parke need not collect that judgment till Tuesday;" which day would be the 9th of February. On the 8th the garnishee process was served on the defendant. It seems that the consent of Everett & Rawlins' counsel to defer collection of the judgment against Bolles was made under the belief that Bolles' property was secured by the Marshal under the writ of execution.

If a complete legal levy was made by the Marshal, and the execution satisfied in full, there is no doubt that the garnishee, Bolles, would have to be discharged, for there would then be no "goods or effects" of Everett & Rawlins in his hands, nor would Bolles be any longer "indebted" to them, and the garnishee should not be compelled to pay his debts twice. It is also clearly settled that the property or money in the official possession of the Marshal, if he had collected the judgment, would be exempt from garnishment, as being in the custody of the law.

It is therefore necessary to decide whether in fact the Marshal did make a legal levy before the 8th February.

Section 1022 of the Civil Code reads as follows: "Every levy by an officer, in pursuance of a writ of execution issued by any Court, or justice, shall be made by taking the property levied upon into his possession, care and guardianship, and in his option, by removal of the same to some place of security. The officer shall make an inventory of the property levied upon."

It is an essential ingredient of a levy that the property levied upon be taken into the possession, care or guardianship of the officer. He must have the property in his power and control. In this case the property of the defendant was not taken into the possession, care or guardianship of the officer. The Marshal did not designate any of the goods or merchandise of the defendant as taken into his possession. He did not leave a keeper in charge, nor make an inventory, or exercise any act of possession or guardianship over the property. In fact, Bolles'

possession of his goods remained complete, and he was free to sell all the merchandise in his store, without hindrance so far as anything the Marshal had said affected him, for the Marshal, not having specified any goods as taken to satisfy the execution, could not afterwards say that any of the goods sold by Bolles were those he had levied upon. I regard the words of the statute, requiring an inventory to be made of the property levied upon, as mandatory, and as essential to every levy of personal property. The reason of this requirement is obvious: "It should be known to others who may take posterior executions, or who may deal with the debtor, what property is affected by the lien and what is not."

*Barnes vs. Billington,* 2 Wash., C.C. 38.

It is true that by our code a judgment is a lien on the movable property of the defendant in execution, but it is only such from the time of levy; and if no levy be made the judgment is no lien. The Marshal must take possession of the goods in such a manner as to apprise everybody of the fact; though the removal of the goods to some place of security is optional with him.

No levy then having been made by the Marshal, the debt of Bolles to Everett & Rawlins was still existing and not paid at the time of the service of the garnishee process on Bolles.

The question remains, whether a judgment debtor can be held as garnishee of a judgment creditor. The authorities differ on this point. In Massachusetts it has been held that a judgment debtor cannot be held as a garnishee. 2 Mass. 91; 4 Mass. 170; and Judge Story adopted this principle in *Franklin vs. Ward,* 3 Mason 136, and it has been held in New Jersey and Arkansas.

Drake on Attachment §641, is my authority that the Courts of Connecticut, Pennsylvania, Delaware, Mississippi and Indiana (whose reports we do not possess) hold the contrary doctrine.

In *Gager vs. Watson,* 11 Conn., 168, the following language is used: "A judgment debt is liquidated and certain; and in

ordinary cases, little opportunity or necessity remains for controversy respecting its existence, character or amount. The policy of our laws has ever required that all the property of a debtor, not exempted by law from execution, should be subject to the demands of his creditors." The language of our Garnishee Statute, Sec. 956 Civil Code, is, "where debts are due from any person to a debtor, any creditor may bring his action, * * * and every debt due from such debtor to the defendant shall be secured in his hands to pay such judgment as the plaintiff shall recover," etc. In my opinion, judgment debts are embraced in the term "debts which are due," and I see no reason why judgment debts cannot be secured by the garnishee process as well as any less certain class of debts.

Both the execution and the writ of garnishment issuing from the same Court, to wit, the Supreme Court of this Kingdom, though one from the equity and the other from the law side of the Court, there is no conflict of jurisdiction. If, however, the decree in the case of *Everett & Rawlins vs. Bolles* required the payment of the money into Court for distribution by the Court or further adjudication, a garnishee process would not secure it, for the Court making the decree would not allow its decrees to be thus interfered with. The judgment in this case merely decreed payment of a certain sum by the defendant to the plaintiffs.

It is claimed by the plaintiffs' counsel that, as the judgment debt is owing to Everett & Rawlins jointly, it cannot be garnisheed to pay the debt of one of them.

The following authorities sustain the proposition that a debtor to a partnership cannot be held as garnishee of one of the co-partners: 19 Me. 42; 6 Mass., 271; 9 Mass., 490; 18 Pick., 451. I regard this as reasonable and just, for until all the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or a creditor of the firm.

The motion for the order to show cause alleges that the plaintiffs were co-partners.

The bill in equity, under which they took a judgment against Bolles, alleges that they were joint owners of the schooner Kamaile, in the proportions of three-fourths in Everett and one-fourth in Rawlins, and the judgment in their favor was from the proceeds of sales of said schooner and oil taken by her.

Owners of a vessel are not co-partners either in the vessel itself or in its earnings, but are tenants in common. 6 Pick., 120; 9 Johns., 469; 2 Johnson's Cases, 329. As the amount of money secured in the hands of Bolles, garnishee ($309), is not more than three-fourths of the joint judgment debt, $848.83, it is a good garnishment. Rule discharged.

*A. S. Hartwell,* for plaintiffs.
*The Attorney-General,* for the Marshal.
*W. C. Jones,* for Bishop & Co.
Honolulu, March 5th, 1875.