BURTON GODFREY

*v.*

ALBERT BROWN.

1. REPLEVIN—*defendant's possession by levy on standing corn.* Where a constable levied an execution on corn standing in the field, and notified the plaintiff of what he had done, and when sued in replevin pleaded the fact of the levy as a defense, it was *held,* there was suff.cient evidence the property was in his possession to entitle the owner to maintain replevin against him, and that he was estopped to deny that he had the property in his possession.

2. LEVY—*possession must be taken.* In order to constitute a valid levy on personal property capable of being readily removed, it must be taken into actual possession by the officer.

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of replevin brought by Albert Brown against Burton Godfrey, to recover forty acres of corn, more or less, standing and growing upon a certain forty acres of land. The defendant, among other pleas, justified the taking as constable under an execution issued by a justice of the peace against George Brown and in favor of John C. Beasley, alleging that the corn was the property of George Brown, and not that of the plaintiff. The plaintiff recovered judgment, and the defendant appealed.

Mr. WILLIAM MARSHALL, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The property involved in this controversy is a quantity of corn standing in the field. It was levied upon by defendant by virtue of an execution in his hands against the goods and chattels of George Brown, and the only contention is whether it is the property of plaintiff or the execution debtor. As to the ownership of the property there is

some conflict in the evidence, but the decided preponderance seems to be it belonged to plaintiff. It is purely a question of fact, and, as two juries to whom the cause was submitted have found the issues for plaintiff, we are unwilling to disturb the finding.

There is sufficient evidence the property was in the possession of defendant to enable plaintiff to maintain the action of replevin against him for it. The corn was standing in the field, and when defendant levied upon it he took all the possession it was practicable to do of property situated as that was, and notified plaintiff of what he had done. Afterwards he pleaded the fact of the levy as a defense to this action, and he is estopped to deny he had the property in his possession. Had the property consisted of articles that could be readily removed, the rule, no doubt, would be, he must take the property into actual possession to constitute a valid levy. But that was not practicable in this case. He exercised acts of dominion over the property, and all parties interested treated it as being in his possession.

Although some of the instructions given may not have been drawn with entire accuracy, it does not appear there is anything in them so faulty as to have misled the jury. Without approving the phraseology of all of them, the principle asserted in most, if not all, of them is substantially correct, and such as the nature of the case required.

The judgment will be affirmed.

*Judgment affirmed.*