MARTHA E. REYNOLDS, APPELLANT, V. BENJAMIN F. COBB, APPELLEE.

1. **Judgment Lien.** The lien upon the real estate of a judgment debtor, created by a judgment in the district court of the county where the land is situated, continues for five years after the rendition of the judgment, and as against all persons, except *bona fide* judgment creditors, for five years after the issuance of execution.

2. **Execution Sale:** RIGHTS OF PURCHASER. A sale of real estate upon execution vests in the purchaser all the rights of the judgment debtor at the time when the lien of the judgment attached to the land.

3. ———: RETURN OF, AFTER LEVY WITHOUT SALE. Where an execution was issued and levied upon real estate of the judgment debtor, but returned without making a sale, for the reason that there were no bidders, the effect of such return, where it is not sought to enforce the lien by further proceedings, is to discharge the property from the levy. The right of the judgment creditor to issue another execution and levy upon other property remains unimpaired.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*John S. Gregory,* for appellant.

*R. D. Stearns,* for appellee.

REESE, J.

On the twenty-first day of April, 1875, the Merchants Bank of Lincoln obtained a judgment in the district court of Lancaster county against David Butler for the sum of $645, and on December 16th, of the same year, execution was issued thereon and sent to the sheriff of Pawnee county for service. This execution was levied upon real estate of the judgment debtor, in said county, which was appraised, advertised, and offered for sale, but not sold for want of bidders, and the execution was returned so endorsed. No further action was taken until the sixth day of October, 1879, when another execution was issued directed to the sheriff of Lancaster county, who levied the same upon real estate belonging to the judgment debtor. This real estate was sold and the proceeds of the sale applied on the judgment, and the execution returned endorsed according to the facts. On the third day of December, 1880, a third execution was issued directed to the sheriff of Lancaster county,

and a levy was made on real estate, a part of which is the property in dispute in this action. This property was also sold and a deed made to the purchaser.

It is conceded that at the time of the rendition of the judgment, to-wit, April 21st, 1875, David Butler was the owner of the property in dispute, and it must also be conceded that a judgment lien attached to said land.

On the tenth day of August, 1877, David Butler and wife conveyed the property in dispute to H. E. Wells by warranty deed, and on the nineteenth day of January, 1878, he, by a similar conveyance, conveyed the property to the appellant, Martha E. Reynolds, who soon after went into the possession thereof, and has remained in possession ever since. She now brings this action to set aside the sheriff's deed to the appellee, who was the purchaser at the sheriff's sale, and to quiet her title. The decision of the district court being adverse to her, she brings the cause into this court by appeal, for review.

It is claimed by the appellant that the judgment ceased to be a lien as against purchasers in good faith or junior judgments unless a *levy* was made within five years from the date of its rendition. So far as junior judgments are concerned we think the appellant is correct, for section 509 of the civil code provides that "No judgment heretofore rendered, or which may hereafter be rendered, on which execution shall not have been taken out and levied before the expiration of five years next after its rendition, shall operate as a lien upon the estate of any debtor to the preference of any other *bona fide* judgment creditor," etc. The provisions of this section, as will be readily observed, are limited to *bona fide* judgment creditors, and have no application to purchasers during the existence of the judgment lien. Section 477 of the civil code provides that, "The lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the first day of the term at which judgment

is rendered;" and section 482 provides that, "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record of this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." By this section the judgment lien may be continued, by the issuance of an execution, for a longer time than five years, so as to be an incumbrance upon the real estate of the judgment debtor not only in his hands but also in the hands of his grantees after the judgment lien has attached; and the suing out of the execution has the same effect as the revival of the judgment. *Godman v. Boggs*, 12 Neb., 19. If then the lien of this judgment attached to this real estate upon the rendition of the judgment (sec. 477, civil code) and by the issuance of the previous executions the lien was perpetuated (sec. 482), we can see no reason why the judgment lien in this case does not operate against the grantee of the judgment debtor, as well as against himself, provided that the lien was in existence at the time of the grant.

The appellee purchased the real estate at sheriff's sale upon execution under the lien created by the judgment. By that purchase and conveyance he obtained "as good and sufficient a deed of conveyance" as the judgment debtor "could have made of the same at the time they became liable to the judgment or at any time thereafter" (sec. 499, civil code), and the estate vested in him was as good and as perfect as was vested in the judgment debtor at or after the time they became liable to the satisfaction of the judgment, which was at the time of its rendition. § 500, civil code. *Hibbard v. Weil & Kahn*, 5 Neb., 45. *Mansfield v. Gregory*, 8 Neb., 435.

The next point urged by the appellant is, that a levy

having been made upon real estate of the judgment debtor under a prior execution, and the real estate levied upon not having been sold, the judgment creditor has no right to cause a levy to be made on other property under a subsequent execution without prosecuting the first levy to a sale. In other words that the first levy was in effect a satisfaction of the judgment as against third parties. We cannot agree with appellant's counsel upon this proposition. While it is true that the return of the execution without a sale of the property levied upon would have the effect of releasing the property from that levy, and a surrender of the authority by which it was held, if the execution creditor does not seek to enforce the lien acquired by his levy, yet we think it could reach no further than this, and the judgment or the right to issue a new execution thereon would not be impaired. *Rickards v. Cunningham,* 10 Neb., 419. *Hicok v. Coates,* 2 Wend., 419. *Vroman v. Thompson,* 16 N. W. Rep., 808. *Godman v. Boggs,* 12 Neb., 19.

The appellant is charged with notice of the condition of her title at the time of her purchase, as well as with the proceedings to enforce the judgment lien as against the real estate purchased by her. She possesses no higher or greater right than would the judgment debtor if prosecuting this action for himself.

Whether or not she could have restrained the sheriff from selling this property until the property of the judgment debtor which he had not conveyed was exhausted, it is not necessary here to decide. It is apparent she did not do so, and that the rights of the purchaser can not now be questioned on that ground. The decree of the district court is therefore affirmed.

DECREE AFFIRMED.

THE other judges concur.