JOSEPH STEWART *vs.* MARY E. DUNCAN.

October 29, 1891.

Sheriff's Return on Execution—Conclusiveness.—The sheriff's return upon execution is conclusive upon the parties in the same action, and those in privity with them; but in other actions it is only *prima facie* evidence, and may be contradicted or explained.

Appeal by defendant from an order of the district court for McLeod county, *Cadwell,* J., presiding, overruling a demurrer to the reply in an action to recover $84.78 for work and labor.

*H. J. Peck,* for appellant.

*R. H. McClelland,* for respondent.

VANDERBURGH, J.   Plaintiff sues to recover for work and labor upon the farm of defendant.   She in her answer pleads a judgment recovered by plaintiff for the same cause of action against her husband, and also alleges that an execution issued to the sheriff to enforce the judgment was returned wholly satisfied, and was accordingly satisfied of record.   The reply shows that the plaintiff in fact realized nothing upon the judgment, for the reason that the property levied on by the sheriff was claimed by the defendant, who recovered a judgment for the value thereof against the sheriff, who was indemnified by the plaintiff, and the latter was obliged to pay the same.   The defendant's counsel does not claim that the judgment in question is an estoppel as between these parties, and admits that, upon the proper application, the plaintiff would be entitled to have the sheriff's return upon the execution vacated, but he insists that it is conclusive until vacated.   The question whether the plaintiff is concluded by the return of the sheriff in the former suit still remaining of record arises upon the demurrer of defendant to the reply, and is the only question which we are required to consider upon this appeal; and, as respects this question, it is sufficient to say that the rule is too well settled to render discussion necessary.   The return of the officer usually concludes the parties in the same action and others in privity with them, but in other actions it is only *prima facie* evi-

dence, and may be contradicted or explained. *Browning* v. *Hanford,* 7 Hill, 120; Vin. Abr. "Return," O. pp. 199, 203. It surely would not bind the defendant in this action. It would not be conclusive against or for her; hence neither party is estopped by it. 2 Freeman on Executions, § 365. The demurrer was properly overruled.

Order affirmed.