Bank v. Duff.

THE NATIONAL BANK OF HOLTON V. L. B. DUFF *et al.*,
*as Partners, etc.*

No. 15,200.   (94 Pac. 260.)

SYLLABUS BY THE COURT.

1. EXECUTION—*Levy upon Personal Property—Seizure.* In making a levy of execution upon a field of standing corn the officer need take only such possession as the nature of the property will permit. He need not do that which, but for the writ, would make him a trespasser. It is sufficient if he go to the premises, there do some open and unequivocal act which as nearly as practicable amounts to a seizure, and indorse the levy on the writ.

2. ———— *Sufficient Levy on Growing Crops.* In this case a writ of execution was issued against the property of a man and his wife. The man owned a field of standing corn. The officer went to the neighborhood of the corn, found the wife, her husband being away, read the execution to her, and told her he intended to take the corn. The officer then went to the corn-field with a witness and posted at a public corner of the field a notice that the corn was taken on execution and was in his possession. The levy was duly indorsed on the writ. *Held,* a sufficient levy.

3. ———— *Retaining Possession.* It was not essential to the validity of the levy that the officer should station and keep a guard over the field.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed February 8, 1908. Affirmed.

*A. E. Crane, F. T. Woodburn,* and *E. D. Woodburn,* for plaintiff in error.

*A. B. Crockett,* and *Sample F. Newlon,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The first question presented for determination is one of fact: What was the usual place of residence of an Indian named M. Spitto at the time service of a summons was attempted? It is not dis-

puted that, for purposes of jurisdiction and the administration of the law, a man must have a legal residence; that when a place of residence has once been established it will continue until another has been acquired; that to effect a change there must be an intent to abandon, an actual removal, and an intent to make the place to which the party has removed a residence in place of the one abandoned; that, *prima facie*, a man's residence is at the place where his family resides, if he has one; that in determining the question of residence conduct is of greater evidential value than mere declarations of intent; and that when the question is doubtful it should be resolved in the light of the rights of creditors and other persons dealing with the party whose conduct is in question.

The bulk of the evidence introduced by the plaintiff relating to Spitto's residence does nothing more than show absence from the place where his family lived. That which bears closely and directly upon the question is to be gathered piecemeal from the abstracts, and is conflicting. A careful sifting, however, in the light of the foregoing rules of law, brings out quite distinctly sufficient facts to sustain the conclusion of the trial court. It is not necessary to marshal those facts here. The finding being supported by substantial evidence, it will not be overturned.

The trial was before the court, without a jury. Considerable difficulty was experienced in arriving at essential facts. Frequently the trial judge found it necessary to interrogate the witnesses himself. Frequently hearsay evidence was admitted, and more came in by way of answers to proper questions, and error is assigned on this account. There is sufficient competent evidence to sustain the court's finding. There is nothing to indicate that any improper evidence was considered by the court when it finally summed up the case, and under the well-known rule prejudice will not be presumed.

In the course of the presentation of the evidence a

witness characterized a notice which he posted as one that a field of corn was taken on execution and was in his possession. This was not improper. The purpose was not to prove the contents of a writing but to show what the witness did. Besides, it afterward fairly appeared that the notice was lost.

Finally, the question is presented, What conduct is sufficient to constitute a valid levy of execution upon a field of standing corn? The corn belonged to M. Spitto. His wife, B. Spitto, was a defendant in the execution. Spitto himself was away. The officer to whom the execution was directed and delivered for service went to the neighborhood of the field, found Spitto's wife, read the execution to her, and told her he was going to take the corn. He then went to the corn-field with a witness and posted at a public place at a corner of the field, where two public roads cross, a notice that the corn was taken on execution and was in his possession. No one but himself and the witness was at the field. He then proceeded to post notices of sale. The next day he returned, found a man living near the field, told him he had taken the corn on execution and had charge of it, showed him one of the sale bills, and asked him if he would look after it and see that stock or anything else did not get into it, which the man agreed to do. The levy was duly indorsed on the writ.

It is necessary that an officer levying an execution upon personal property shall take such actual and exclusive possession as the nature of the property will permit. Constructive possession is not sufficient where actual possession is feasible. (*Gardner v. National Bank,* 57 Kan. 619, 47 Pac. 516.) But actual possession of a field of standing corn is not practicable, and the officer is not called upon to do that in reference to it which, but for the writ, would make him a trespasser. In the nature of things there cannot be a manual seizure or holding in manual custody of that kind of property. If there be no bystanders an outcry of seizure would be futile. Therefore it is only nec-

Bank v. Duff.

essary that the officer go to the premises, there do some open and unequivocal act which as nearly as practica-.ble amounts to a seizure, and indorse the levy on the writ. In this case the notification of the only execution defendant accessible, the going to the property, the posting of the public notice of seizure and possession at a conspicuous place in the presence of a witness and the indorsement on the writ were all the officer could well do, and these acts constituted a valid levy. It is not essential that a guard should be stationed or kept over the field, but the purpose to execute the writ according to law and to negative any mere pen-and-ink aspect of the transaction is further evidenced by the subsequent conduct of the officer. The following decided cases listed in volume 17 of the Cyclopedia of Law and Procedure, at page 1088, discuss the precise question and show that the levy is clearly sustainable: *Godfrey v. Brown*, 86 Ill. 454; *Davidson v. Waldron et al.*, 31 Ill. 120, 83 Am. Dec. 206; *Barr, Sheriff, v. Cannon & Gunn*, 69 Iowa, 20, 28 N. W. 413; *Wilson v. Fowler*, 88 Md. 601, 42 Atl. 201, 42 L. R. A. 849, 71 Am. St. Rep. 452; *Bilby v. Hartman*, 29 Mo. App. 125; *Johnson v. Walker*, 23 Neb. 736, 37 N. W. 639; *Whipple v. Foot*, 2 Johns. (N. Y.) *418, 2 Am. Dec. 442; *State v. Porr*, 20 N. C. 384, 34 Am. Dec. 387.

The judgment of the district court is affirmed.