## JOSEPH S. FERRY *v.* HAKALAU PLANTATION COMPANY.

### ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

ARGUED NOVEMBER 11, 1913.                    DECIDED NOVEMBER 19, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EXECUTIONS—*officer's return.*

A sheriff's return to an execution is not conclusive against a stranger to the proceeding in which the writ was issued whose rights are affected by it.

SAME—*levy on growing crop.*

Where an officer purporting to levy an execution on a growing crop of sugar cane merely read the writ to the execution defendant and posted the usual notices of sale in public places, but did not go to the premises where the cane was growing, did not see the property sought to be levied on, never obtained possession of it, and made no indorsement of the attempted levy on the writ until the return was made after the sale of the property, held, that no valid levy was made.

SAME—*title of purchaser where levy invalid.*

In order that a sheriff's sale of personal property taken upon execution shall vest in the purchaser a good title it is indispensable that a valid levy shall have been made.

OPINION OF THE COURT BY ROBERTSON, C.J.

In an action of assumpsit upon two counts against the Haka-lau Plantation Company the plaintiff, Ferry, claimed the sum of $1875.54 for 448.729 tons of sugar cane alleged to have been sold and delivered to the former by the latter. Upon conflict-ing testimony the trial court found that the defendant did not purchase the cane from the plaintiff so that that point is not now open to discussion. The question was whether under the circumstances which will be stated the plaintiff was entitled to recover from the defendant the value of the cane. Undisputed facts developed at the trial were as follows: On July 24, 1907, one G. da Silveira, who was engaged in cultivating sugar cane upon Lot 32, Kaiwiki III Homesteads, entered into a planting agreement with the Hakalau Plantation Co. which the parties to the present action agree included a chattel mortgage on the crops of cane which were to be grown upon that lot by Silveira to secure advances agreed to be made by the plantation com-pany; the agreement was not recorded; on March 11, 1911, Silveira executed and delivered to the plantation company a bill of sale of "all that certain growing crop of cane now stand-ing upon my land at Kaiwiki Third, which said land is de-scribed as being 27.3 acres on Lot No. 32"; the consideration expressed in the bill of sale was $1301.40 which represented the amount of Silveira's indebtedness to the plantation company on the date named; on April 11, 1911, an execution was issued by the district magistrate of South Hilo against the property of Silveira in an action brought against him by another party; pursuant to that writ a purported levy was made on the grow-ing crop of cane on Silveira's land and the same was sold by the sheriff on June 5, to the plaintiff; thereafter the plantation company cut and harvested the crop; there were 448.729 tons of cane of the value of $1875.54; the plantation company had advanced upon the crop the sum of $2607.90. The bill of sale above referred to was not recorded, and the plaintiff contended

that the testimony showed that it constituted merely a mortgage on the crop. The trial court found it unnecessary to decide the point. The court held that "the cultivation or harvesting of the cane upon Silveira's lot under the planting agreement or under the instrument of March 11th, 1911, whether the latter be in fact a bill of sale as its title indicates or a crop mortgage, constitutes possession of the crop by the plantation sufficient to defeat a subsequent attempted execution lien." Judgment was for the defendant. In this court several points were discussed in the briefs and at the argument, but at the conclusion of the argument counsel for the defendant stated that he would rest the case for his client solely upon the contention that there had been no valid levy under the execution and that the plaintiff therefore acquired no title to the cane by his purchase at the execution sale. It is assumed that the mortgage (or mortgages) though unrecorded created a valid lien upon the crop in favor of the mortgagee as against the mortgagor, and that an unrecorded mortgage, the mortgagee not being in actual possession, is of no validity as against a purchaser of the property at an execution sale if the levy and sale were made and possession taken in conformity with the law.

The return of the county sheriff to the execution, dated June 8, 1911, shows that "levy was made by W. A. Fetter, deputy sheriff of the county of Hawaii, on the 11th day of April, A. D. 1911, on the following property said to belong to Guilherme da Silva alias Guilherme Silveira, defendant, to wit: All the growing cane on Lot No. 32 of Kaiwiki 3rd Homestead, having an area of about 29 acres," etc. Over plaintiff's objection Fetter, the deputy sheriff, testified that upon receiving the execution he went to Hakalau, met Silveira there and read the execution to him; that he posted a copy of the notice of sale at the Hakalau store and another at the police station at Hilo, and gave another to a police officer with instructions to take it up to Silveira's lot; he testified further that he did not go upon the lot and, in fact, did not know where it was situated. Whether

the police officer took the notice of sale to Silveira's land did not appear, and we think it would make no difference what the fact was since the posting of the notice by the police officer who did not have the execution in his hands for service would not constitute a levy by either the police officer or the deputy sheriff. Counsel for the plaintiff contend that the court below erred in allowing the defendant to go into the question of the title to the growing crop, and to attack the sufficiency or validity of the levy, and while they argue that the levy was properly and effectively made, they urge that if there was any irregularity in the levy the purchaser at the sale nevertheless obtained a good title to the property. These claims present for consideration the questions whether the defendant was at liberty to contradict the return by attempting to show that a levy was not in fact made, wheher that attempt was successful, and whether a sale without a levy will give title.

Mr. Freeman, in his work on Executions, states the rule to be that "a return, as to the facts which the officer was required to state in it, is prima facie, but not conclusive, evidence for or against a stranger to the suit," and that the reason why the return is not conclusive against strangers whose rights are affected is that "in case it is false, they have no remedy by action against the officer, nor have they any right to control, amend, or vacate the return." 3 Freeman on Ex. (3rd ed.) Sec. 365. See also *Nall* v. *Granger*, 8 Mich. 450; *Stewart* v. *Duncan,* 47 Minn. 285; *Holt* v. *Hunt,* 44 S. W. (Tex.) 889; *Meherin* v. *Saunders,* 131 Cal. 681, 688. Pursuant to this rule which we believe to be well established we hold that no error was committed by the trial court in allowing the defendant to attack the sheriff's return in order to open up the question of the title to the cane.

As to the levy. What constitutes a valid and effectual levy upon a growing crop is not entirely clear. The decided cases contain a diversity of views on the subject. The general rule as to levies upon personal property is that "the property must

be within the power and control of the officer when the levy is made, and he must take it into his possession within a reasonable time thereafter, and in such an open, public and unequivocal manner as to apprise everybody that it has been taken in execution." 17 Cyc. 1085. In *Everett* v. *Bolles,* 6 Haw. 153, Chief Justice Judd, after quoting the statute (now R. L. Sec. 1817) said, "It is an essential ingredient of a levy that the property levied upon be taken into the possession, care or guardianship of the officer. He must have the property in his power and control." But where the property levied upon consists of a growing crop which in the nature of things is not the subject of manual possession some relaxation or qualification of the rule would seem to be necessary, and the courts have so found it to be. In one case the court went so far as to say that "proper notification to the party and indorsement on the levy is all that is necessary." *State* v. *Fowler,* 42 Atl. (Md.) 201, 204. See also *Johnson* v. *Walker,* 23 Neb. 736, 744. We think such an extreme view is not sustained by reason or the weight of authority. A good statement of what seems to us to be a reasonable view of the matter is to be found in the case of *Bank* v. *Duff,* 77 Kan. 248, 16 L. R. A., N. S., 1047, where the court said, "It is necessary that an officer levying an execution upon personal property shall take such actual and exclusive possession as the nature of the property will permit. Constructive possession is not sufficient where actual possession is feasible. But actual possession of a field of standing corn is not practicable. * * * * In the nature of things there cannot be a manual custody of that kind of property. If there be no bystanders an outcry of seizure would be futile. Therefore it is only necessary that the officer go to the premises, there do some open and unequivocal act which as nearly as practicable amounts to a seizure, and indorse the levy on the writ. In this case notification of the only execution defendant accessible, the going to the property, the posting of the public notice of seizure and possession at a conspicuous place in the presence of a witness and the in-

dorsement on the writ were all the officer could well do, and these acts constituted a valid levy." See also 11 A. & E. Enc. Law (2nd ed.) 660; *Cupples* v. *Level,* 103 Pac. (Wash.) 430; *Throop* v. *Maiden,* 52 Kan. 258; *State* v. *Poor,* 20 N. C. 428; *Crisman* v. *Dorsey,* 12 Col. 567, 574. In the case at bar the officer made no attempt to seize the crop of cane, he did not go to the premises and never saw the property he was supposed to levy upon, nor did he post any notice on or near the premises to show that the crop had been taken into possession pursuant to the writ. He made no indorsement of the purported levy upon the writ until the return was made after the sale had taken place.

There is some conflict in the cases but the weight of authority is to the effect that in order that a sheriff's sale of personal property taken upon execution shall vest in the purchaser a good title it is indispensable that a valid levy shall have been made. 17 Cyc. 1078; 2 Freeman on Ex. (3rd. ed.) Sec. 274. The execution authorized the sale of only such of the property of the defendant in the action as the officer should levy upon, and it would seem necessarily to follow that as the sheriff never obtained possession of the property and it was never *in custodia legis,* his conveyance passed no title to it.

We hold that no legal levy was made, that the sale passed no title to the property, and that the plaintiff cannot maintain an action to recover the value of the crop from the defendant.

The judgment of the circuit court is affirmed.

*J. L. Coke* (*H. Irwin* and *A. G. Correa* with him on the brief) for plaintiff-in-error.

*C. S. Carlsmith* for defendant-in-error.