## J. C. LYETH V. J. W. GRIFFIS.

ATTACHMENT—*What is a Valid Levy, What Not*—*Replevin.*  To consti-
tute an existing and valid levy of an attachment, under § 32 of the
justices code, the officer holding the writ must do that which will
amount to a change in the possession of the property attached;
that his custody must be such as will enable him to hold the prop-
erty, subject to the order of the authority issuing the writ; and so,
where an officer holding an order of attachment merely goes to the
place where the property is found, and appraises the same, without
taking it into his possession, and does not exercise any dominion or
control over it, and the property is removed beyond the control of
the officer, *held*, that there was no valid levy on the goods and chat-
tels, and the officer did not obtain such an interest therein as entitled
him to bring an action in replevin.

*Error form Chase District Court.*

REPLEVIN by *Griffis* as sheriff, against *Lyeth.*  Judgment
for the plaintiff, at the December term, 1887.  The defendant
brings the case to this court.  The facts sufficiently appear in
the opinion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

*Madden Bros.,* for defendant in error.

Opinion by GREEN, C.: This was an action of replevin,
commenced by the defendant in error, J. W. Griffis, sheriff
of Chase county, against J. C. Lyeth, who was the agent of
the Atchison, Topeka & Santa Fé Railroad Company at Strong
City.

The plaintiff below held an attachment issued by a justice
of the peace at Strong City, directed to him as sheriff of Chase
county, in a suit commenced by George Smith against William
McMurphy, upon a claim for $16.47.  The writ of attach-
ment was issued on the 12th day of November, 1885, and on
the morning of the same day a deputy sheriff went with the
writ to the depot of the Atchison, Topeka & Santa Fé rail-

road, in Strong City, for the purpose of executing the same; Lyeth was not in the depot at the time, but the deputy sheriff left a copy of the order of attachment with an employé of the railroad company under Lyeth, and then went to the ware-room in the depot building, where the goods of McMurphy had been left for shipment some two days before, consigned to Samuel Cody, at Wilson, Kansas, and had the goods appraised, and left them in the wareroom. The goods in question consisted of household and kitchen furniture, two boxes and a trunk. About four o'clock in the afternoon of the same day, the deputy sheriff returned to the depot for the purpose of removing the goods, and found that Lyeth was loading them in a car for the purpose of shipping them away; Lyeth did not have any personal knowledge of the attempted levy and appraisement in the forenoon, and refused to deliver the goods to the officer, claiming they were in the custody of the railroad company and could not be attached, and could only be reached by garnishment proceedings; an effort was made to take possession of the goods, but the officer only succeeded in securing a safe and roll of carpet; the rest of the goods was either loaded in the car or locked up in the depot.

This suit was instituted the next day, and the goods, in the meantime, had been shipped away from Strong City. In the attachment suit, the defendant, William McMurphy, was not served with summons, as he was not found in the county. Service by publication was made, and judgment rendered against him in justice's court. After the introduction of all the evidence in the trial of this case, in the court below, certain instructions were asked by the defendant below, which were refused by the trial court. The court instructed the jury to return a verdict for the plaintiff. The plaintiff in error brings the case here for review.

The claim made by the plaintiff in error is, that the sheriff was not entitled to the immediate possession of the goods; that there was no legal levy of the attachment; that there was no wrongful detention by the defendant below; and that therefore replevin did not lie. It is provided by § 32 of the

justices code that when the property can be come at, the same shall be taken into custody and held subject to the order of the justice of the peace.   By this section of the code it is made the imperative duty of the officer serving the writ to take the property into his custody; his possession should be open and exclusive, to enable him to hold it.   Did the officer do this?   The evidence shows he went to the place where the property was found, and appraised it; but the possession was not changed.   The rule that the first duty of an officer holding a writ of attachment is to obtain and retain the possession of the property, rests upon reason as well as authority.   He must necessarily sustain such a relation to the property he seizes as will enable him to hold it, subject to the authority of the court issuing the order.   If such were not the case, the remedy would be valueless.   The supreme court of Iowa has held, under a statute similar to our own, that to constitute a valid levy of a writ of attachment, the officer having the writ must do that which amounts to a change of the possession of the property, or something which is equivalent to a claim of dominion, coupled with a power to exercise it.   (*Crawford v. Newell,* 23 Iowa, 453; *Bickler v. Kendall,* 66 id. 703.)

Again, it was held by the same court that to make a legal and valid levy upon personal property, the officer must do such acts as that, but for the protection of the writ, he would be liable.   A levy under which the officer does not have actual control of the personal property levied upon, with power of removal, is invalid.   (*Rix v. Silknitter,* 57 Iowa, 262.)   It could hardly be claimed that the officer would have been liable as a trespasser, upon the facts as developed in this case, if suit had been commenced by the owner of the goods, as his possession had not been interfered with in the least.

In executing a levy upon personal property of a tangible sort, the officer must take possession, and the possession, to render the attachment effectual, must be actual, in the sense that it takes the property from the immediate control of the defendant and gives the officer control over it. (1 Am. and Eng. Enc. of Law, p. 919; Wade on Attachment, § 129.)   The

11—44 KAS.

rule is well established, too, that if the provisions of the statute are not fully complied with by the officer in levying or executing the writ, no lien is obtained. (*Greenvault v. Bank*, 2 Doug. [Mich.] 502; *Buckley v. Lowry*, 2 Mich. 420; *Millar v. Babcock*, 29 id. 526; *Adams v. Abram*, 38 id. 302; *Fairbanks v. Bennett*, 52 id. 61.)   This court has held, in the case of *Crisfield v. Neal*, 36 Kas. 282, that in levying an execution upon personal property, it is necessary for the officer to reduce the property to his possession, or bring it within his immediate control; that a mere pen-and-ink levy will not do. (*Chittenden v. Rogers*, 42 Ill. 100; *Minor v. Herriford*, 25 id. 344; *Havely v. Lowry*, 30 id. 446; *Davidson v. Waldron*, 31 id. 120; *Beekman v. Lansing*, 3 Wend. 446.)

Inasmuch as the officer did not have the actual control of the property in controversy, the levy was invalid, and he did not obtain such an interest as entitled him to bring a suit in replevin.   It follows, from this view of the law, that the court was in error in instructing the jury to return a verdict for the plaintiff below.   We therefore recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.