CHARLES THROOP, as *Deputy Sheriff of Butler County, et al.,* v. JACOB B. MAIDEN.

1. ATTACHMENT — *Sufficient Levy — Possession.* To make and maintain an attachment levy upon personal property, the officer must take such possession as the nature of the property will permit; and an attempted levy by an officer who does not, by himself or another for him, take and retain actual and exclusive control of the property is invalid.

2. LEVY, *When Invalid.* In the month of October, an officer attempted to levy an order of attachment on 40 acres of standing corn which had ceased to grow, but was not sufficiently dry to crib, and caused the same to be appraised. He notified the attachment debtor of the levy, but did not authorize such debtor to hold possession of the corn for him, nor place it in the charge of anyone else, neither did he post any notice that he claimed possession under the attempted levy. No control or dominion over the property was exercised by the officer until winter, a period of about two months, when he returned and posted notice of a proposed sale of the corn. During that time, two-fifths of the corn had been gathered and used by the attachment debtor, whose possession had never in fact been disturbed, but who had been told by the officer that he was at liberty to take sufficient corn from the field to feed his stock. *Held,* That the attempted levy is void against one to whom the property was mortgaged and whose mortgage was filed for record four days after the attempted levy.

*Error from Butler District Court.*

REPLEVIN by *Maiden* against Schram, as sheriff, and *Throop*, as deputy sheriff. At the March term, 1890, the plaintiff had judgment, and defendants come to this court. The facts appear in the opinion.

*W. A. Phipps*, and *Redden & Schumacher*, for plaintiffs in error:

Whether the plaintiff was entitled to a recovery under the landlord's lien, or under the chattel mortgage, or not at all, was a question of fact, and, being such, it should have been submitted to the jury.

It will not be seriously contended that there was an actual and continued change of possession of the crop mortgaged. Hence, under the statutes, the mortgage was absolutely void as against the defendant who attached the property before the filing of the mortgage. *Ramsey v. Glenn*, 33 Kas. 271; *Jewell v. Simpson*, 38 id. 362.

Section 26 of the landlord and tenant act provides that the person entitled to the rent may recover from the purchaser of the crop, or any part thereof, with notice of the lien, the value of the crop purchased, to the extent of the rent due, and damages; but this does not give the landlord a right to an action of replevin. The section does not so state; neither does it follow by implication. But can this court say that, as a matter of law, the defendant had notice of the lien? Most certainly not. That was one of the disputed questions of fact on which we contended that the preponderance of the evidence was with us; but, in any event, there was contradictory evidence, and the court, in a jury trial, has nothing to do with reconciling contradictions in evidence. *Williams v. Norton*, 3 Kas. 296. Much less can it take a case from the jury and say the evidence establishes a given proposition. *Maduska v. Thomas*, 6 Kas. 153; *Thornburgh v. Cole*, 27 id. 490, 499; *Kelley v. Ryus*, 48 id. 120. Upon all of these matters there was a substantial controversy — such a one as a jury

must pass upon, and such a one that the defendant had a right to go before the jury and argue the question. *Douglass v. Hill,* 29 Kas. 527.

*Shinn & Knowles,* for defendant in error :

We think the case of *Lyeth v. Griffis,* 44 Kas. 159, is decisive against the levy in this case.

An attempted levy held insufficient and inoperative because of failure of officer to reduce to possession. *Crisman v. Dorsey,* 21 Pac. Rep. 920; and 4 L. R. A. 664. This last case is upon all fours with the case at bar. That an officer may abandon levy, see *Dixon v. Sewing Machine Co.,* 5 L. R. A. 659; and bailee abandoning the property releases attachment. *Russell v. Major,* 29 Mo. App. 167. Lien of attachment lost if officer fails to retain custody of property. *Hardin v. Sisson,* 36 Ill. App. 383. Absence of levy as required by law, court acquires no jurisdiction over property. *Root v. Columbus H. W. T. Co.,* 12 N. E. Rep. 812. And where an attachment is abandoned and subsequently levied, it is not connected with the previous levy so as to retain priority over an intervening claim. *Smith v. Whitefield,* 67 Tex. 124, 2 S. W. Rep. 822. It cannot therefore be claimed that, as the officer in this case afterward sold the property, his right related back to the time of the original levy.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin brought by Jacob B. Maiden against Charles Schram, as sheriff of Butler county, and Charles Throop, his deputy, to recover the possession of 24 acres of corn which had been grown upon the farm of Maiden. On February 12, 1889, this farm was leased by Maiden to one Carleton until March of the following year, for a cash rental of $130, of which $65 was payable on the 1st day of December, 1889, and the balance on the 1st day of March, 1890. By the terms of the written lease, it was agreed that the payment of the rent should be secured by a chattel mortgage on the crops grown on the land, and such a mort-

gage was executed.   Carleton planted and cultivated 40 acres of corn upon the farm, a portion of which is in controversy in this action.   In an action brought against Carleton an order of attachment was issued, and an attempt made to levy the same upon the corn on October 9, 1889.   The chattel mortgage taken by Maiden was filed for record October 14, 1889.   In pursuance of the attempted levy, a sale of the corn was made on December 14, 1889, for the sum of $144. Maiden claims the property by virtue of a landlord's lien and the chattel mortgage which had been executed by Carleton. At the conclusion of the trial the court directed a verdict in favor of Maiden, which was accordingly returned.   Several errors are assigned, but the only assignment which is deemed to be substantial is the action of the court in taking the case from the jury.

It is contended that the landlord's lien which might have existed in favor of Maiden was waived by the taking of the chattel mortgage, and that, as the mortgage was not filed for record until after the levy was made, Maiden had no lien or special ownership in the property.   The testimony tended to show knowledge of the interested parties of the lien or interest claimed by Maiden, but perhaps the evidence on this point is not sufficiently clear to warrant the taking of the case from the jury.   On the other side, it is contended that it is shown beyond dispute that no legal levy was made, and that the property was never in the custody of the officer or of the law, or, at least, that it was not in such custody after the chattel mortgage had been filed for record.   We are of opinion that there was no valid attachment of the property in question, and that, as Maiden's mortgage, after being recorded, entitled him to the possession of the property, the questions relating to the enforcement of the landlord's lien are not important, and require no consideration.   To constitute a valid attachment of personal property, it is necessary for the officer, where he can obtain possession, to take the property into his custody and hold it subject to the order of the court; and a levy by an officer who does not obtain actual

control over the property levied upon is invalid. (Civil Code, § 198; *Lyeth v. Griffis*, 44 Kas. 159.) A manual seizure or a removal of the property by the officer is not always required, but he must assume the control of the property by virtue of the writ, and exercise such dominion over it as the character of the property will permit. This dominion and control must be exclusive and continuous, and if the officer levying does not take and retain control by himself or some one appointed for that purpose, the levy is invalid against parties who subsequently obtain a lien on or interest in the property. It has been held that the custody should be such "as will enable the officer to retain and assert power and control over the property so that it cannot probably be withdrawn or taken by another without his knowing it." (Drake, Attach., § 256.)

1. Attachment—sufficient levy—possession.

"It is not essential that the property should be moved or touched. It is enough that the officer assumes control over the writ, and keeps some one in charge of the property. . . . The possession of the officer must not be temporary in its character. It must continue as long as it is desired that the attachment lien should remain in force. An abandonment of the possession is an abandonment of the levy. The property must not be restored to the real or apparent custody of the defendant. The change of possession must be actual and substantial, and not merely formal or colorable. It is not indispensable that the officer should be in visible possession every moment. But his connection with and control of the property ought, nevertheless, to be so continuous that it cannot probably be removed or disturbed without his knowledge." (Freem. Ex'ns, § 262.)

It is clear that the levy, in this instance, does not meet the requirements of the law. The officer went to the field on October 9, and declared a levy upon 40 acres of corn standing therein, and caused it to be appraised. Although it had ceased to grow, and some of it had been gathered, still it was not dry enough to crib. He delivered a copy of the order to Carleton, and informed him that he had levied upon and was going to hold custody of the corn. He then left the field and did not

return to or exercise any dominion over the property levied upon until December 3, 1889, when he came back to advertise a proposed sale. He not only did not retain possession of the corn, but he failed to put it in the charge or keeping of another for him, and no notice was posted that a seizure had been made, or that possession was claimed by virtue of an attachment lien. Instead of retaining exclusive control, as the law requires, he actually gave his consent that the defendant in the attachment suit should go into the field and gather sufficient corn to feed his stock. Although a levy was made upon 40 acres of corn, when he returned to sell it, more than two months later, it was found that only 24 acres of that which he had attempted to levy upon remained. Carleton, who never surrendered possession of the corn, had harvested and used 16 acres of the same.

Attention is called to authorities holding that, to retain possession of ungathered crops, it is not necessary to place a guard over them; but, under our statutes and the authorities cited, we cannot hold that the officer exercised such dominion and control as will sustain the levy or lien. He did not exercise such dominion and control, nor employ such means as an owner usually employs in caring for his crops. As we have seen, no attention was paid to it by the officer for a period of about two months; nor was any care exercised for its preservation; and during that time two-fifths of the crop had been gathered and taken away. An attachment levy is created by statute, and to obtain it the prescribed conditions must be substantially followed. To maintain the validity of an attachment levy and the lien thereby created, the officer serving the attachment order must take, retain and continue in the legal custody or control of the property levied upon. ( Wap. Attach. 177.) In *Crisman v. Dorsey*, 12 Colo. 567, the validity of a levy upon an unthreshed crop of wheat, standing in the field, was considered. The wheat was left upon the farm of the defendants, and was not placed in the charge of anyone by the officer, and nothing was done to indicate that the wheat had passed from the possession of the owners. The

court held, after an extended consideration of the statute and authorities, that there was no valid attachment. It was said that it was incumbent upon the officer to do whatever might be necessary to take the property into custody.

"After the levy of the process the possession of the property should be his. It should be subject to his dominion and control. His possession must be exclusive. His dominion cannot be shared with the defendant. The effect of the levy must be to place the property *in custodia legis*. It cannot be held adversely to the court or to the officer."

In this case there was no arragement for Carleton that he should hold under the officer, but, on the other hand, he was undisturbed in his possession, and continued to hold it adverse to the officer and to the court. In view of all the circumstances, we think that there was no valid attachment lien against the claims of Maiden under his mortgage, which at least became effective on October 14, 1889, long prior to the actual costody of the officer. For that reason, no error was committed by the court in directing a verdict in favor of the defendant in error.

2. Levy, when invalid.

The judgment of the district court will be affirmed.

All the Justices concurring.